JAMES M. STOCKETT, *Adm'r d.b.n. vs.*
THE PENN MUTUAL LIFE INSURANCE COMPANY.

JULY 16, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

174

CAPOTOSTO, J. This bill in equity was brought by the administrator *d.b.n.* of the estate of Susan Butler to rescind an annuity contract. The respondent's substantial demurrer was sustained in the superior court on certain grounds. From a decree denying and dismissing the bill, complainant has duly prosecuted his appeal to this court.

The bill alleged that on September 11, 1935 Susan Butler paid $4,000 to the respondent, hereinafter sometimes called the company, for a nonrefunding annuity policy under which she was to receive $28.16 a month for life. Up to the time of her death on June 26, 1937 she had received the total sum of $591.36 from the company. In 1941 an administrator *d.b.n.* of her estate was appointed, and on March 17 of that year he made demand upon the company for the payment to him with interest of the difference between the $4,000 paid by his intestate and the $591.36 received by her in her lifetime. He repeated such demand in October 1944. The present bill of complaint was filed September 25, 1945. We note here that about two months later the original administrator *d.b.n.* died and another administrator was appointed to act in his place and stead.

The grounds for rescission alleged in the bill in substance are that when the policy was issued in 1935 Susan Butler was sixty-six years old and illiterate; that her right leg had been amputated to the thigh because of diabetes; that all of those conditions were known to the company at the time it wrote the policy on the reserve basis of the combined annuity tables for "good" lives; that due to her inexperi-

ence in business matters she was "incompetent to comprehend the nature of the proposed contract"; that the typewritten application and an amendment thereto, both of which she signed by mark, were prepared by the company; that at that time, considering her poor physical condition, she did not have the normal life expectancy of an ordinary person of her age; that there was "an inequality of the contracting parties, by reason of the inexperience and lack of information of the Applicant as compared with the business experience and information of Respondent Company"; and that in the circumstances the company "was in a position with reference to said Susan Butler of trust and confidence."

The bill further alleged that "An unconscionable advantage was obtained over said applicant"; that the policy being without refund at death showed a grossly inadequate consideration; that respondent's course of action constituted "imposition or overreaching" in procuring the application; that no valid contract ever came into existence; and that if the purported contract was allowed to stand respondent would be "unjustly enriched" and the estate of Susan Butler would be "unjustly deprived" of funds to which it is entitled.

The grounds of demurrer were, first, that it did not appear in the bill that at the time of application for the policy Susan Butler was incompetent or misled by the respondent; second, that the bill did not show that there was an inadequate consideration for the contract, as it was based on a regular annuity schedule; third, that complainant was guilty of laches; and fourth, that the bill did not allege sufficient facts to constitute a cause of action. The demurrer was sustained on the first, second and fourth grounds.

The question presently before us is whether the facts alleged in the bill set forth a cause of action for relief in equity. While a demurrer admits facts well pleaded, it does not admit conclusions without adequate allegations of particular facts in support thereof. It is of no avail merely to

aver in general terms, as complainant does in the present bill, that his intestate was incompetent because of physical infirmity; that the consideration for the contract was inadequate; that a fiduciary relationship existed between the deceased and the company; and that the contract was procured through misrepresentation, concealment of material information, undue influence, overreaching and other unscionable conduct. A bill of complaint is to be considered as a whole and given a reasonable interpretation. In the absence of statute, it will generally be construed against the pleader when its statements are ambiguous, equivocal or uncertain. *Dolan* v. *Dolan,* 78 R. I. 12.

A careful examination of the present bill shows that it abounds in conclusions with reference to various grounds for relief in equity, but it is greatly deficient in specific allegations of fact in support of such grounds. Apparently it was intentionally framed in general terms and from a retrospective point of view in an attempt to obtain the relief prayed for by Susan Butler's estate. What actually happened between the parties when she applied for the policy is left almost entirely to conjecture and speculation. For example, even though complainant's intestate may have been advanced in years, infirm, illiterate and inexperienced in business matters, such conditions in themselves do not amount to legal incompetency as alleged, unless it further appears by specific allegations of facts that when the contract was consummated she did not possess sufficient mentality to understand the nature and effect of the transaction, that is, that her mental power for intelligent action had been impaired. *Longley* v. *McCullough,* 68 R. I. 395, 405; *Cooney* v. *Lincoln,* 21 R. I. 246.

No averments to that effect appear in the present bill. What we have just said respecting the insufficiency of necessary and material allegations as to incompetency applies with equal force to complainant's claim that the intestate was deceived, misled or over-reached by fraudulent conduct

on the part of the company. The manner in which such unconscionable means as misrepresentation, undue influence or concealment of material facts were exerted upon her are not disclosed. The bare statement that the company stood in a fiduciary relationship to Susan Butler was clearly unwarranted under the allegations of the bill which show only a buyer and seller relation between the parties. Ordinarily an insurance company stands in no fiduciary relationship to a legally competent applicant for an annuity or other insurance contract. *Rishel* v. *Pacific Mutual Life Ins. Co. of Cal.,* 78 F.2d 881.

The same deficiency of specific allegations of facts that we have already pointed out in connection with the grounds for relief heretofore mentioned appears in complainant's claim that as a result of inadequate consideration the company will be unjustly enriched if the contract is allowed to stand. That claim is made to rest on the erroneous premise that a nonrefunding annuity contract is based on the life expectancy of the particular individual annuitant, whereas in fact the basis for such a contract is the average life expectancy of a specified group within which the individual may reasonably be included, as plainly appears from one of the few specific allegations in the present bill. In the circumstances therein alleged we find no merit in complainant's contention that because the insured did not live longer the company was unjustly enriched to the detriment of her estate. *Hult* v. *Home Life Ins. Co. of N. Y.,* 213 Iowa 890; *Rishel* v. *Pacific Mutual Life Ins. Co. of Cal., supra; Woodworth* v. *Prudential Ins. Co. of America,* 258 App. Div. 103. We are of the opinion that on the allegations in the present bill there was no error in sustaining respondent's demurrer.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

178

*Harry Goldstein,* for complainant.

*Tillinghast, Collins & Tanner, Benjamin A. Smith,* for respondent.