325 P.2d 919

Jose Vicente CHAVEZ and Jesusita S. Chavez, Plaintiffs-Appellees,

v.

Fred J. VALDEZ and Lola G. Valdez, Defendants-Appellants.

No. 6294.

Supreme Court of New Mexico.

March 17, 1958.

Rehearing Denied June 12, 1958.

144

Bertrand B. Prince, Charles B. Barker, Harold A. Roberts, Santa Fe, for appellants.

David Chavez, Jr., George A. Graham, Santa Fe, for appellees.

McGHEE, Justice.

The plaintiffs-appellees filed their complaint against the defendants-appellants alleging the sale of a farm for the sum of $10,000, of which they had received $5,000, leaving a balance unpaid of $5,000, payable in annual installments of $625 with interest, and that defendants had failed to make the first installment which was past due. They attached as an exhibit the following agreement: The English translation of which, omitting the acknowledgment, reads:

"This writing made and entered into this 7 day of October, 1953 by and between Jose Vicente Chavez and Jesusita S. Chavez, of Medanales,

County of Rio Arriba and State of New Mexico, parties of the first part, and Fred J. Valdez, of El Rito, of the same County and State, parties of the second part.

"To wit:

"Jose Vicente Chavez and his wife have sold their property to Fred J. Valdez and his wife, for the sum of $5,000 five thousand dollars, with interest at the rate of five per cent per annum, the interest to commence on the 2d day of April, 1954, paying the sum of $625 each year for the term of eight years, the correct description of the property above mentioned is in a warranty deed made in favor of Fred J. Valdez and his wife.

"Now in order that this writing may have force and effect, it is signed by both parties before an official.

"Signed, Jose Vicente Chavez
"Signed, Jesusita S. Chavez
"Signed, Fred J. Valdez
"Signed, Lola G. Valdez * * *"

The defendants answered stating the total consideration for the transaction between the parties was $5,000 as evidenced by the written contract set out above, and by way of counterclaim asked judgment for $1,200 on account of farm machinery which they stated was sold to them with the farm, and which the plaintiffs had wrongfully removed from the premises.

A motion by the defendants for judgment on the pleadings was denied, and immediately prior to the opening statement of Judge Chavez for the plaintiff the trial court stated the contract was complete and unambiguous, and that oral testimony to vary its terms would not be permitted.

The verdict was in favor of the plaintiffs.

 Notwithstanding such announcement such attorney stated, among other things, the following:

"May it please the Court, ladies and gentlemen of the Jury, the Court has already explained to you what this case is about. Jose Vicente Chavez and Jesusita S. Chavez, his wife, are plaintiffs and Fred Valdez and Lola Valdez, his wife, are defendants. It involves a contract entered into on October 7, 1953. We propose to show that the plaintiffs had negotiations with one Ross Martinez wherein the plaintiffs were to sell the property of the plaintiffs to Ross Martinez for Ten Thousand Dollars, that in conformity with that understanding, Ross Martinez sent an instrument to these plaintiffs and we will show that after they received this instrument he took it to the defendant Valdez and Mrs. Valdez to ask them what it was. We will prove that the Valdezes then explained what this instrument was, and that they told them that it was a contract for the sale of property for Ten Thousand Dollars

to Ross Martinez. That thereafter, right there at that time, the defendants then said to the plaintiffs that they wanted to buy it for Ten Thousand Dollars and we will prove, or we will offer to prove that the plaintiffs then told the defendants that they would sell it to them for Ten Thousand dollars, if they would pay them Five Thousand Dollars cash and that they would give them time on the balance of the other Five Thousand Dollars. That this understanding was at the home of the defendants Valdez at El Rito. We propose to prove that on the morning of October the 7th, 1953, the plaintiffs and the defendants met and they went to Espanola. That before they went into the office of Mr. Filigonio Rodriguez, the defendants paid to the plaintiffs Five Thousand Dollars represented by two Two Thousand Dollar checks and One Thousand Dollars in cash."

The defendants thereupon moved for a directed verdict on the issue as to the sale of land based on the statement and the previous rulings of the court, which was denied.

They then moved for a mistrial because of the above quoted part of the opening statement by plaintiff's attorney which was in violation of the court's announcement and in apparent defiance of the Judge. This motion was also denied, and then the following occurred:

"Court: Motion will be denied. I think, perhaps, that it would be well to give the Jury an admonition at this time to the effect, generally, that the opening statement of counsel as well as the closing statements of counsel do not constitute evidence and that the Jury will be guided by that. Do you have any objection?

"Mr. Chavez: No objection.

"Mr. Prince: We do, because we say that no type of admonition by the Court at the present time would remove or irradicate from the minds of the Jury what has been stated to the Jury, even though it was made by the counsel.

"Court: You ask the Court not to admonish the Jury?

"Mr. Prince: No.

"Court: Do you object to the Court's admonition?

"Mr. Prince: We object to it on the grounds that the Court by doing that is not solving the situation. The damage is irreparable.

"Court: Your motion for a mis-trial is overruled. Do you want the Jury to be admonished or not?

"Mr. Prince: Yes, without waiving all prior objections and exceptions.

"Court: All right. Now, ladies and gentlemen of the Jury, in view of some of the matters that the Court has been

discussing here with the attorneys and in response to some of the motions made, the Court, now admonishes you that the statements of the attorneys whether made at the beginning of the case, as Judge Chavez has just made in his opening statement, or at the beginning of the defendants' case which Mr. Prince may make later on and that the closing arguments of the attorneys, all of the statements that the lawyers make in those addresses are argumentative. They merely state the positions of the attorneys, the positions of their clients in the first instance, what they expect to prove and at the close of the case what they think they have proven. None of those statements of the attorneys are to be accepted by you as statements of fact unless those things are proven by the evidence introduced here in Court. You will take the opening statement that Judge Chavez has made and the opening statement of Mr. Prince, if he makes one, as an outline or summary of what each one expects his side to prove, not as evidence itself. Now is there any objection to this statement?"

We think the statements of the trial court were entirely too mild to eradicate the objectionable opening statement made, which, as above indicated was in clear violation of and in defiance of the ruling of the court. Just why offending counsel was not at least reprimanded and a stern admonition given to the jurors to absolutely disregard such statements does not appear in the record or the briefs. Appellees in their answer brief contend they were privileged to make a statement of what they would prove if allowed to do so. Such would be the fact had it not been for the previous rulings. There can be no lawful justification for the part of the statement we have quoted.

■ Only a scant amount of testimony was admitted in the trial. Plaintiffs attempted to prove the matters about the consideration, etc., narrated in the opening statement but it was rejected on objection being made by the defendants that it would violate the parole evidence rule. Plaintiffs did not cross appeal so we may not review the action of the court in that regard. They then introduced testimony that the plaintiffs and the defendant Fred J. Valdez went to the office of the scrivener where the contract was prepared and signed, but that before they went into the office Valdez paid them $5,000 on the purchase price. The defendants corroborated the testimony that $5,000 was paid but they said the payment was made after they had left the office in order that they might save the interest that was called for in the contract.

When the defendants started putting on their case they attempted to prove the farm was worth only $4,200, but such proof was objected to by the plaintiffs and was not

admitted because it would tend to contradict and vary the terms of the written contract. The defendants made a proper tender of such proof which was likewise rejected.

 The defendants thereupon tried to introduce proof in support of their claim the farm machinery went with the farm, but such was rejected by the trial court on objection by the plaintiffs that such would vary the terms of the written instrument. The defendants did not make a tender of proof on that point, so we may not review their claim of error to the effect the sale of the machinery was an independent collateral agreement, and that the testimony was admissible under the doctrine of Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267.

We have held in many cases that the trial court had not, in our opinion, abused its discretion in denying a motion for mistrial because of claimed improper statements or arguments of counsel, but we did hoist a warning signal in Griego v. Conwell, 54 N.M. 287, 222 P.2d 606, about improper arguments and say we would not hesitate to reverse a judgment in a proper case, and we believe this is a proper case for such action. We do not believe there is a valid distinction to be drawn between an improper opening statement such as we have here and an improper argument to the jury.

 The case went to the jury with an instruction to which the defendants objected that if the $5,000 payment was made before the signing of the contract their verdict should be for the plaintiffs, but if made after the contract was signed then the verdict should be for the defendants.

Neither the plaintiffs or defendants asked for reformation of the contract, although both claim it does not embody all of the terms of the purchase and sale, and it seems to us that when the trial court made the decisive question in the case one of when the payment was made there was in fact a reformation submitted to the jury, although without proper pleadings and on very meager evidence.

We think this case calls for us to exercise our inherent powers in an attempt to see that full justice is done, and to that end we reverse the judgment and remand it to the District Court for a new trial where the parties may, if they desire, amend their pleadings and seek reformation according to their respective claims.

Other points are raised but what we have said makes it unnecessary to decide them, but neither of the parties will be bound by rulings heretofore made below as the law of the case on a new trial.

The defendants will recover the costs of this appeal.

It is so ordered.

LUJAN, C. J., and D. A. MacPHERSON, Jr., District Judge, concur.

COMPTON and KIKER, JJ., specially concurring.

COMPTON, Justice (specially concurring).

I concur in the results only. I do not approve of the criticism of court and counsel.

KIKER, J., concurs.