335 P.2d 1065

Melaquias BRIZAL, Plaintiff-Appellee,

v.

Paul VIGIL and Melecio Vigil, Defendants-Appellants.

Ignacio MONTOYA, Plaintiff-Appellee,

v.

Paul VIGIL and Melecio Vigil, Defendants-Appellants.

No. 6485.

Supreme Court of New Mexico.

Feb. 11, 1959.

Rehearing Denied March 17, 1959.

268

Noble & Noble, Las Vegas, for appellants.

Roberto L. Armijo, Las Vegas, for appellees.

COMPTON, Justice.

These appeals, consolidated here for review, stem from a collision of motor vehicles, one of which was being operated by appellee, Melaquias Brizal and owned by appellee, Ignacio Montoya; the other was

being operated by appellant, Paul Vigil and owned by appellant, Melecio Vigil.

The collision occurred at the intersection of Eighth Street and Washington Avenue in the City of Las Vegas, Brizal driving north on Eighth Street and Vigil driving west on Washington Avenue. The point of impact was 3 feet north of the center of the intersection. The Brizal vehicle came to rest about 3 feet to the northwest and the Vigil vehicle came to rest at the northwest corner of the intersection, a distance of some 70 feet.

Following a hearing on the merits, the trial court found that the Brizal vehicle entered the intersection first at a speed of approximately 25 miles per hour; that as Brizal approached the intersection, he observed the Vigil vehicle approaching from the east at a speed that indicated a collision was imminent, and that Brizal applied his brakes in an effort to avoid a collision. The court further found that the Brizal vehicle was stopped, or almost stopped, at the time the Vigil vehicle entered the intersection and collided with it. The court further found that Paul Vigil's negligent failure in yielding the right-of-way was the proximate cause of the collision and the resulting injury and damage. Judgment was entered accordingly and appellants prosecute an appeal to this court.

The contention is made (a) that the findings are not supported by the evidence, and (b) that Brizal was negligent as a matter of law in failing to yield the right-of-way to Vigil.

The applicable statute, § 64–18–27, New Mexico Statutes Annotated, 1953 Comp., reads:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway."

We are satisfied that the evidence is substantial. Brizal, driver of the Montoya, vehicle, testified that he had entered the intersection some 10 feet when he saw the westbound vehicle enter the intersection traveling at a speed of 25 or 30 miles per hour; that then realizing that a collision could not be avoided, he applied his brakes and skidded to the point of impact. Appellant, Paul Vigil, testified that he did not see the Brizal vehicle prior to the time he entered the intersection and further "I couldn't avoid hitting the car or having the car hit me, because *it was already*—I was already in the intersection when I first saw the car." There is evidence that the brakes were never applied to the Vigil vehicle nor was its speed reduced prior to the collision.

Consequently, Brizal having entered the intersection at such interval of time and distance as to safely cross ahead of the vehicle approaching from the east,

had its driver been exercising due care, the statute secured to him the prior use of the intersection.

 Appellants seek to bring the case under the provisions of subsection (b) of said section defining the duty of drivers of vehicles entering an intersection from different highways "at approximately the same time," citing Moore v. Kujath, 225 Minn. 107, 29 N.W.2d 883, 175 A.L.R. 1007; Shew v. Bailey, 37 Tenn.App. 40, 260 S.W.2d 362; Long v. Whalen, 160 Neb. 813, 71 N.W.2d 496; Walkup v. Bardeley, 8 Cir., 111 F.2d 789. The term "at approximately the same time" as used in subsection (b) has a significant meaning but obviously neither the statute nor the cases apply to the present factual situation.

Appellants strongly insist that the physical facts, skidmarks, etc., effectively rebut the evidence that the Brizal vehicle entered the intersection first. We have given careful consideration to this contention and while the physical facts in some respects are contradictory and inconsistent, we cannot say as a matter of law that such evidence renders the evidence supporting the findings unsubstantial.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and CARMODY, JJ., concur.