C. T. GILLIKIN, ADMINISTRATOR OF LOUIE ELMER GILLIKIN, DECEASED, AND NEXT OF KIN TO LOUIE ELMER GILLIKIN, DECEASED v. OHIO FARMERS INDEMNITY COMPANY.

(Filed 8 March, 1961.)

1. **Insurance § 61 ½—**

The fact that an insurer has issued liability policies on both vehicles involved in a collision does not create such a fiduciary relationship with insureds as to prohibit insurer from making such investigation as it deems necessary to determine whose negligence proximately caused the collision and resulting injuries.

2. **Insurance § 63—**

Where plaintiff does not allege damages resulting from his insurer's failure to discharge its contractual obligations to provide counsel to represent him in an action instituted against him by the owner of the other vehicle involved in the collision, but only that insurer conspired to defeat, by perjured testimony, insured's right of action against the owner of the other vehicle and failed to provide counsel for such suit, dismissal is proper, since the complaint fails to state a cause of action on the policy contract and no right of action exists for conspiracy to suborn perjury.

APPEAL by plaintiff from *Burgwyn, E. J.*, October 1960 Term, of CARTERET.

This case is another companion to the suit of *Gillikin v. Springle, ante,* 240, which see for summary of the general statement of facts. In addition to the facts there alleged, plaintiff made allegations pertinent to defendant which may be summarized as follows: Defendant issued a policy of liability insurance to the owner of the automobile in effect at the time of the collision which required it (1) to defend suits against owner or operator for damages claimed because of negligent operation, and (2) to pay all costs and sums adjudged to be

owing by intestate as an insured under the policy. Defendant likewise carried liability insurance on Springle's truck. It did not defend plain-. tiff administrator in the action which Springle brought against him, but conspired with Springle "to produce false testimony in Springle's suit against present plaintiff."

Plaintiff's prayer for relief is for $25,000 compensatory damages and $5,000 punitive damages.

Defendant admitted insuring each vehicle. It admitted it did not provide Gillikin with counsel in the suit of Springle against Gillikin, administrator. It pleaded the three-year statute of limitations and the judgment rendered in the action of Springle against Gillikin, adminis-trator, as a plea in bar.

Judgment was entered dismissing the action, and plaintiff appealed.

*Charles L. Abernethy, Jr., for plaintiff, appellant.*
*Barden, Stith & McCotter for defendant, appellee.*

RODMAN, J.  For the reason given in *Gillikin v. Springle, ante,* 240, plaintiff has not stated a cause of action entitling him to damages because of the asserted conspiracy to defeat plaintiff's right of action for damages for wrongful death by perjured testimony.

The mere fact that defendant insured the automobile operated by plaintiff's intestate and the truck owned by Springle did not create a fiduciary relationship between the parties prohibiting defendant from making such investigation as it deemed necessary to determine whose negligence proximately caused the collision and resulting injuries. It was bound by contract to pay, within the limits of its policy, such damages as might be recovered against its insured because of such negligence. Plaintiff does not specifically allege that judgment has been rendered against him because of the negligence of his intestate. The absence of such allegation might be treated as a defective state-ment of a good cause of action, but when all of the allegations are considered, we think it apparent that plaintiff does not intend to allege that he has suffered damages by reason of defendant's failure to discharge its contractual obligations and pay counsel fees incurred in defending the action against plaintiff, or such judgment as may have been obtained against him.

Nor does plaintiff assert any right of action based upon the failure of defendant to discharge its contract and provide counsel to represent him in the litigation with Springle. His complaint is that it conspired to defeat his right of action and failed to provide him with counsel to sue Springle to recover damages for wrongful death.

Because of the failure to state a cause of action, the court properly allowed the motion to dismiss.

Affirmed.