417 P.2d 29

**Viola SIVAGE, Plaintiff-Appellant,**

**v.**

**Troies LINTHICUM, Defendant-Appellee.**

**No. 7903.**

Supreme Court of New Mexico.

July 25, 1966.

Smith, Smith & Tharp, Clovis, for appellant.

Jay Morgan, Portales, for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

This action arose out of an automobile collision which occurred within the intersection of certain streets in the city of Portales. From a judgment following a verdict for defendant (appellee), plaintiff (appellant) has appealed.

The parties have stipulated upon and the court has approved a statement of facts, the substance of which is as follows:

Plaintiff was driving an automobile in a northerly direction on South Main Street and at the time defendant was driving in a westerly direction on East Seventeenth Street. A collision between the vehicles operated by the parties occurred within the intersection of the named streets.

In accordance with plaintiff's testimony she was driving at a speed of less than 25 miles per hour and did not see defendant's automobile until an instant prior to the

collision. Defendant testified that he entered the intersection at a speed of approximately 5 miles per hour and did not see plaintiff's vehicle until an instant prior to the collision.

The collision occurred in the half of the intersection lying north of the center line of East Seventeenth Street. There was a conflict in the testimony as to whether the collision was in the northeast or northwest quadrant of the intersection. There were no control lights nor signs at the intersection.

It is certain from the agreed statement of facts that plaintiff and defendant approached the intersection at approximately the same time, plaintiff being on defendant's left.

The sole ground for reversal is that the trial court erred in giving instruction No. 10 and refused to give a particular instruction requested by plaintiff. Instruction No. 10 to which plaintiff has objected is as follows:

"10. The driver of a vehicle approaching an intersection shall yield the right of way to vehicle which has entered the intersection from a different street, but this rule applies to a vehicle approaching from the left only if such vehicle shall have arrived at the intersection so far in advance of the vehicle on its right that a reasonable prudent person would be justified in believing that he could clear the intersection of the paths of the two vehicles before the other car arrived there."

The requested instruction, which was refused, is as follows:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different street."

Our review of appellant's objection to the giving of instruction No. 10 requires a consideration of the following statute.

Section 64–18–27, (a) and (b), N.M.S.A., 1953:

"Vehicle approaching or entering intersection.—(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"(b) When two [2] vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

It is noticed that appellant's requested instruction is identical in language with Section (a) except in the use of the term "street" instead of "highway".

Plaintiff's objection to instruction No. 10 is upon the ground that it imposes a duty upon the driver from the left not warranted by the statute, in consequence changes the import of Section 64–18–27 (a).

The instruction No. 10 correctly interprets the quoted statute and in view of the statement of facts was properly given to the jury.

In the case of Moore v. Kujath, 225 Minn. 107, 29 N.W.2d 883, 175 A.L.R. 1007, an intersection accident was involved. Plaintiff approached the intersection from the north and defendant from the east. In defense it was claimed that defendant had entered the intersection first. The court concluded, in substance, that the vehicles had entered at approximately the same time stating that if defendant had entered the intersection first it was only by one or two seconds.

After quoting the Minnesota intersection right-of-way statute, which is the same as our statute above-quoted, the court said:

"Obviously, both of the foregoing sentences were placed in the statute by the legislature in an endeavor to promote safety on the highways, and they should be so interpreted. As we view the two sentences, the second one so modifes the first as to require the driver on the left, even though he may reach the intersection first, to yield the right of way to the driver on the right in a situation where the two vehicles would collide were each to continue its course and maintain its rate of speed. To otherwise interpret the law and to arbitrarily give to him who first enters the intersection the right of way over another vehicle approaching at approximately the same time from the right would be to increase rather than diminish the hazards of driving. By *approximately*, the legislature must have meant the approach to an intersection of two vehicles so nearly at the same time that there would be imminent hazard of a collision if both continued the same course at the same speed. In that case, he on the left should yield to him on the right. While the driver on the left is not required to come to a dead stop, as at a through highway stop sign, unless it is necessary to avoid a collision, he nevertheless must approach the intersection with his car so under control that he can yield the right of way to a vehicle within the danger zone on the right. Such must have been the legislative intent."

Other authorities following the rule stated in Moore v. Kujath, supra, are: Brower v. Stolz, 121 N.W.2d 624, (N.D.1963); Schmeeckle v. Peterson, 178 Neb. 476, 134 N.W.2d 37; Pagel v. Kees, 23 Wis.2d 462, 127 N.W.2d 816; Sanders v. Crimmins, 63 Wash.2d 702, 388 P.2d 913; Curlee v. Steward, 93 Ariz. 180, 379 P.2d 458; Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724; Benbow v. Western Union Telegraph Co., 261 N.C. 404, 134 S.E.2d 652; Alford v. Frye, 205 Va. 7, 135 S.E.2d 101; Dashnow v. Myers, 121 Vt. 273, 155 A.2d 859.

Our interpretation of the intersection right-of-way statutes above quoted is not

contrary to the rule stated by the Minnesota Supreme Court in Moore v. Kujath. In Brizal v. Vigil, 65 N.M. 267, 335 P.2d 1065, we said:

" * * * Brizal having entered the intersection at such interval of time and distance as to safely cross ahead of the vehicle approaching from the east, had its driver been exercising due care, the statute secured to him the prior use of the intersection."

Plaintiff's argument that by entering the intersection ahead of defendant she acquired the right-of-way is without merit. The correct rule is that a driver entering an intersection from the left though he reaches the intersection ahead of the driver on the right is nevertheless obligated to yield to the driver on the right in a situation where there would be danger of collision if both vehicles continued the same course at the same speed.

The instruction which plaintiff requested is incorporated in instruction No. 10 and consequently was not required to be given separately.

The judgment appealed from is affirmed.

It is so ordered.

CARMODY, C. J., CHAVEZ and NOBLE, JJ., and JOE W. WOOD, J., Court of Appeals, concur.