553 P.2d 703

**Becci CHAVEZ, Plaintiff-Appellant,**

v.

**Victor CHENOWETH, Defendant-Appellee.**

**Becci CHAVEZ MARTONE, Plaintiff-Appellant,**

v.

**Howard HICKS, Louis A. Keating, and State Farm Mutual Insurance Co., Defendants-Appellees (two cases).**

Nos. 2320, 2252, 2562.

Court of Appeals of New Mexico.

Aug. 10, 1976.

Jacob Carian and Robert W. Casey, Albuquerque, for plaintiff-appellant.

John A. Klecan, Klecan & Roach, P. A., Albuquerque, for defendants-appellees.

OPINION

WOOD, Chief Judge.

The cars driven by plaintiff and Chenoweth collided. Plaintiff sued Chenoweth for negligence. The jury returned a verdict for Chenoweth. Plaintiff's suits against the other defendants were dismissed for failure to state a claim upon which relief could be granted. Plaintiff appeals the judgment 'entered on the adverse verdict and from the dismissal of her claims against defendants other than Chenoweth. We consider the various issues under three general categories: (1) the liability action against Chenoweth; (2) whether the dismissal of claims against other defendants is properly before us, and (3) whether claims for relief have been stated against the defendants other than Chenoweth.

*Liability Action Against Chenoweth*

Plaintiff was driving east on a city street; defendant was driving west. Defendant was turning left into a parking lot when the cars collided.

(a) Instruction on Right-of-Way

In the instruction stating the issues (see U.J.I. Civil 3.1) the jury was informed that each party claimed the other party failed to yield the right-of-way. Plaintiff objected to the jury being informed that Chenoweth claimed that plaintiff failed to yield the right-of-way. Plaintiff contends she had no duty to yield the right-of-way to Chenoweth because under the statute, a left-turning party has no right-of-way over oncoming traffic.

Plaintiff relies on § 64–18–24, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2) which prohibits the turning of a vehicle to enter a private driveway "unless and until such movement can be made with reasonable safety." Because this statute applies to the turning vehicle, plaintiff asserts there was no right-of-way rule applicable to her —the nonturning vehicle. Although *Brizal v. Vigil,* 65 N.M. 267, 335 P.2d 1065 (1959) involved an intersection collision, the "time

and distance" rule stated therein answers plaintiff's contention.

*Brizal* states: ". . . Brizal having entered the intersection at such interval of time and distance as to safely cross ahead of the vehicle approaching from the east, had its driver been exercising due care, the statute secured to him the prior use of the intersection."

Similarly, § 64–18–24, supra, required Chenoweth initially to yield the right-of-way. However, having started his turn at such interval of time and distance as to safely cross ahead of plaintiff's approaching car, had plaintiff been exercising due care, the statute secured to Chenoweth the prior use of the street to complete his turn. Stated another way, plaintiff was obligated to yield the right-of-way to Chenoweth in the situation where there would be a danger of collision if both vehicles continued the same course at the same speed. *Sivage v. Linthicum,* 76 N.M. 531, 417 P.2d 29 (1966).

■ The evidence of time and distance was such that there was a factual issue as to each party concerning failure to yield the right-of-way. See *Langenegger v. McNally,* 50 N.M. 96, 171 P.2d 316 (1946).

(b) Reference to Insurance

In his opening statement, Chenoweth's attorney stated there would be testimony that plaintiff was speeding. ". . . [T]here will be testimony that she was going forty miles an hour, and this from her own statement. She gave a statement to her own insurance company, State Farm Insurance, in which she said that—" At this point plaintiff's attorney objected and moved for a mistrial. The motion was denied; the trial court instructed the jury concerning the function of opening statements, concluding with these words: "So you disregard all statements made by counsel, other than when they tell you what the evidence is going to be, what they will produce as evidence."

■ Plaintiff contends her motion for a mistrial should have been granted because

her case was prejudiced when Chenoweth's attorney referred to plaintiff's insurance. We disagree. The reference to insurance was in counsel's opening statement. The trial court told the jury to disregard counsel's statements if they went beyond informing the jury what the evidence would be. Plaintiff contends the trial court should have instructed the jury to disregard any reference to insurance. Plaintiff did not request the trial court to do so.

The reference to insurance was improper. See the discussion in *Selgado v. Commercial Warehouse Company,* 86 N.M. 633, 526 P.2d 430 (Ct.App.1974). However, the time in the trial when the reference occurred and the trial court's prompt admonition was sufficient to eliminate any prejudicial effect from the reference. Compare, *Higgins v. Hermes,* 522 P.2d 1227 (Ct.App.) decided June 13, 1976.

(c) Disallowance of Questions Concerning Insurance

■ During her cross-examination, plaintiff affirmed that she had given a statement to Howard Hicks, that the statement was in the form of questions and answers, and that the document she was shown looked like her statement. Plaintiff admitted that in answer to one question she stated her speed was approximately forty miles per hour.

On redirect examination plaintiff testified that her statement had been a recorded statement, that she first saw a transcript of the recording in her attorney's office and that she had never signed the statement.

During the redirect examination plaintiff tendered testimony to the effect that Hicks was an agent of State Farm Insurance Company representing Chenoweth. The tender was refused; plaintiff says this was error.

In support of admissibility of the tendered testimony, plaintiff asserts her statement had been used to impeach her and that she was entitled to show the adverse

interest, and therefore the prejudice, of Hicks.

This argument misconstrues the record. The fact situation is far different than that in *Wood v. Dwyer,* 85 N.M. 687, 515 P.2d 1291 (Ct.App.1973) where the witness stated that words in the statement were written by the insurance company representative. Here plaintiff affirmed her statement; there was no impeachment. Compare, *Anderson v. Welsh,* 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974).

The tendered testimony did not come within the grounds for admissibility stated in Evidence Rule 411 and, accordingly, was properly rejected.

### (d) Failure of Chenoweth to Call the Insurance Agent as a Witness

■ At the close of the evidence plaintiff moved for a mistrial on the ground that Chenoweth had not called Hicks as a witness. Plaintiff's contention was that in the opening statement, counsel had stated that the insurance agent would be called as a witness.

Plaintiff misconstrues the record. There was no reference in the opening statement suggesting that an insurance company representative would be called as a witness. But even if there had been, there would have been no error in failing to call such a witness absent a showing of bad faith or an improper reference to facts unable to be proved. *State v. Garcia,* 83 N.M. 51, 487 P.2d 1356 (Ct.App.1971); *State v. Torres,* 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

### (e) Inspection of State Farm Insurance Company Files

■ Plaintiff moved, under Civil Procedure Rule 34, for an order permitting the inspection of "any" document in the file of the insurance company "referring to the above entitled cause". The motion was granted "subject to a determination by the Court of the contents and what is material and discoverable from said files". Subsequently the trial court examined the insurance company's file and found that "the items are privileged or that the items are not discoverable because they are immaterial, irrelevant and do not tend to lead to admissible evidence". The trial court ruled that plaintiff was entitled to all medical information in the file but that plaintiff was not entitled to examine the contents of the file.

Plaintiff contends the ruling of the trial court was error. The trial court's ruling accords with the limitation upon inspection stated in Civil Procedure Rule 34. State Farm insured both plaintiff and Chenoweth, a situation with the potential for a conflict of interest. *Varney v. Taylor,* 71 N.M. 444, 379 P.2d 84 (1963). In this situation we cannot say that the trial court's ruling was error as a matter of law. The file was not included within the record on appeal. Accordingly, we cannot determine if the ruling was erroneous as a matter of fact because the record is insufficient to make such a determination. *Macnair v. Stueber,* 84 N.M. 93, 500 P.2d 178 (1972); *State v. Wingate,* 87 N.M. 397, 534 P.2d 776 (Ct.App.1975).

### Whether Dismissed Claims are Properly Before Us

The defendants other than Chenoweth are Hicks, Keating and State Farm. Plaintiff contends the trial court erred in dismissing the claims against these three defendants. These defendants assert this contention is not properly before us for review. The contentions involve the procedural history of the litigation.

Plaintiff's original suit was against all four of the defendants. The trial court granted a summary judgment dismissing the claims against Hicks, Keating and State Farm "without prejudice". Plaintiff appealed. In Cause No. 1813, this Court dismissed the appeal for lack of an appealable order under either Civil Procedure Rule 54(b) prior to its amendment in 1973 or under Civil Procedure Rule 54(b)(1) after the amendment.

Plaintiff then filed a new lawsuit against Hicks, Keating and State Farm realleging the same contentions made in the first law-

suit. The trial court dismissed all the claims against Hicks and Keating, and two of the three claims against State Farm. These dismissals were with prejudice for failure to state a claim upon which relief could be granted. Plaintiff again appealed. In Cause No. 2252 in this Court, we denied defendant's motion to dismiss the appeal as to Hicks and Keating. We granted the motion to dismiss as to State Farm. Civil Procedure Rule ¨ 54(b)(1). The claim against State Farm which was not dismissed by the trial court at the time of dismissal of other claims was disposed of·at a later date. Plaintiff, in Cause No. 2562, then appealed the dismissal of the two claims against State Farm. Meanwhile, the claim against Chenoweth was tried; the appeal involving Chenoweth's liability is Cause No. 2320 in this Court.

Involved in this category then are the claims against Hicks, Keating and two of the three claims against State Farm. These defendants assert that the dismissals of these claims are not before us. They point out that summary judgment as to these claims was granted (Cause No. 1813). They assert that this judgment was res judicata and therefore the second dismissal of these claims (Cause Nos. 2252 and 2562) cannot properly be considered. In the alternative, defendants claim the appeals should be abated.

■ Defendants' contentions ignore the effect of the dismissal without prejudice. Such a dismissal ordinarily imports further proceedings. *Fiumara v. American Surety Co.,* 346 Pa. 584, 31 A.2d 283 (1943); see also, *Fleishbein v. Western Auto Supply Agency,* 19 Cal.App.2d 424, 65 P.2d 928 (1937); see *Meeker v. Walker,* 80 N.M. 280, 454 P.2d 762 (1969). There is nothing indicating the ordinary meaning should not be applied in this case.

■ The dismissal without prejudice in Cause No. 1813 was not res judicata and did not bar the appeal in :Cause Nos. 2252 and 2562. Nor does the doctrine of abatement apply. See *State v. Larrazolo,* 70 N.M. 475, 375 P.2d 118 (1962). The claims having been dismissed without prejudice in Cause No. 1813, there was no prior pending suit to which abatement could apply.

■ Defendants also contend that the appeals in Cause Nos. 2252 and 2562 are not properly before us because we dismissed the appeal in Cause No. 1813. Here, again, they rely on res judicata. The dismissal by this Court was for lack of an appealable order. The claims were not adjudicated in this Court. There being no prior adjudication there is no basis for applying res judicata. *Trujillo v. Acequia de Chamisal,* 79 N.M. 39, 439 P.2d 557 (Ct. App.1968).

The issues in Cause Nos. 2252 and 2562 are properly before us for review.

*Whether Claims for Relief Have Been Stated*

·(a) Claim Against Keating

■ Civil Procedure Rule 8(a) requires ₐa statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief sought. Defendant Keating shows up in the pleadings only as a name included in the prayer—the demand for judgment. Nowhere in the pleadings is a claim for relief stated against Keating. Claims against Keating were properly dismissed with prejudice.

(b) Delay in Paying Medical Expenses

■ The disposed of claim against State Farm was a claim that State Farm had failed to pay medical expenses pursuant to the insurance policy issued by State Farm to plaintiff. In addition, plaintiff claimed that State Farm's refusal to pay plaintiff's medical bills "at all or promptly was . . . for the purpose of embarrassing and humiliating the Plaintiff and to deter her from obtaining further medical assistance and to pressure her into making settlement of her claim without benefit of outside counsel."

This claim is not a breach of contract claim for nonpayment of medical expenses.

*Motto v. State Farm Mutual Automobile Insurance Co.,* 81 N.M. 35, 462 P.2d 620 (1969). The contract claim has been disposed of. The claim is a tort claim for unreasonable delay in paying medical expenses under the insurance contract. Such a tort claim provides a basis for recovery if there is evidence of bad faith. Bad faith means a frivolous or unfounded refusal to pay. *State Farm General Insurance Company v. Clifton,* 86 N.M. 757, 527 P.2d 798 (1974). As a part of plaintiff's claim for punitive damages she specifically alleges bad faith. In addition, plaintiff's allegation as to State Farm's purpose in refusing to pay the medical expenses was a sufficient allegation of bad faith as defined in *Clifton,* supra.

Plaintiff's claim of unreasonable delay in paying medical expenses stated a claim upon which relief could be granted. This claim is only against State Farm.

(c) Oral Contract to Pay Damages

 Plaintiff alleged that Hicks, as agent for State Farm, advised plaintiff not to consult an attorney and "to cooperate with them fully," that the accident was Chenoweth's fault and "that they would take care of all her damages and give her reasonable compensation for her injuries". Plaintiff alleged she did not seek an attorney for some time; implicit in the pleadings is an assertion that damages were not paid. This is a claim for breach of an oral contract. *Sanders v. Smith,* 83 N.M. 706, 496 P.2d 1102 (Ct.App.1972).

Plaintiff's claim of breach of an oral contract to pay damages stated a claim upon which relief could be granted. This claim is against Hicks and State Farm.

(d) Bad Faith and Fraud

Plaintiff alleged that the representations of Hicks and State Farm set forth in (c) immediately preceding "were made with the purpose and intent to mislead and deprive the Plaintiff of her right to obtain outside assistance". Plaintiff also alleged that "until Plaintiff retained an attorney in December of 1972, the . . . insurance

company and agents were purportedly representing the Plaintiff". Plaintiff alleged she relied on the representations.

 The foregoing is an allegation that Hicks and State Farm dealt with plaintiff in bad faith from the date of the accident in April, 1972 until plaintiff retained an attorney in December, 1972. This does not state a claim for relief for bad faith dealing by the insurance company toward plaintiff. The "bad faith dealing" rule applies between an insurer and insured. *American Employers' Insurance Co. v. Crawford,* 87 N.M. 375, 533 P.2d 1203 (1975). Plaintiff's dealings with State Farm in connection with damages based on Chenoweth's alleged fault were not dealings between insurer and insured, but arm's length dealings on the basis of plaintiff's claim against State Farm as the insurer of Chenoweth.

 The foregoing allegations do, however, sufficiently state a claim for fraud based on a promise to pay money damages in the future with a present intent not to keep the promise. *Werner v. City of Albuquerque,* 55 N.M. 189, 229 P.2d 688 (1951) ; *Telman v. Galles,* 41 N.M. 56, 63 P.2d 1049 (1936) ; *Echols v. N. C. Ribble Company,* 85 N.M. 240, 511 P.2d 566 (Ct. App.1973).

Plaintiff's claim of fraud stated a claim upon which relief could be granted. This claim is against Hicks and State Farm.

(e) Damages

Plaintiff seeks compensatory damages for the claims for relief stated in (b), (c) and (d) above. We do not discuss what damages might be recoverable under the three claims because that is not an issue in this appeal. The appellate issue is whether claims for relief have been stated. On this issue, we note two things: 1. Plaintiff has limited her fraud claim to the time period from the accident in April, 1972 until she retained an attorney in December, 1972. 2. The claim for punitive damages based on malicious and wanton acts is against State

Farm; punitive damages are not claimed against Hicks.

(f) Fiduciary Relationship

The discussion in items (b), (c), (d) and (e) above was concerned with the second cause of action set forth in the complaint in Cause No. 2252. The discussion in this item (f) and in (g) and (h) following, is concerned with the third cause of action set forth in Cause No. 2252.

Plaintiff alleged that State Farm "was acting in a fiduciary relationship with the Plaintiff and that by its actions as alleged aforesaid, breached such relationship". This general allegation of a fiduciary duty fails to distinguish between the type of relationships involved in this case.

State Farm insured both plaintiff and Chenoweth. The fact that State Farm insured both parties did not create a fiduciary relationship between plaintiff and State Farm. *Gilliken v. Ohio Farmers Indemnity Company,* 254 N.C. 250, 118 S. E.2d 605 (1961). The fact that State Farm insured plaintiff did not create a fiduciary relationship. *Walsh v. Campbell,* 130 Ga. App. 194, 202 S.E.2d 657 (1973). Something more than the fact of the insurance relationship is required before a fiduciary relationship results. See *Stockett v. Penn Mut. Life Ins. Co.,* 82 R.I. 172, 106 A.2d 741 (1954).

When a liability insurance company, by the terms of its policy, obtains the power to determine whether an offer of compromise of a claim should be accepted or rejected, it creates a fiduciary relationship between it and its insured. *American Fidelity & Casualty Co. v. G. A. Nichols Co.,* 173 F.2d 830 (10th Cir. 1949). When an insurance company acts on behalf of the insured in the conduct of litigation and the settlement of claims, it assumes a fiduciary relationship. *American Fidelity & Cas. Co. v. All American Bus Lines,* 179 F.2d 7 (10th Cir. 1949). When an insurance company advises its insured that it is not necessary to employ counsel to collect the insurance or secure benefits

under the policy and invites the insured to communicate with the company, it assumes a duty not to deceive its insured. *Stark v. Equitable Life Assur. Soc.,* 205 Minn. 138, 285 N.W. 466 (1939).

Each of the three cases cited in the preceding paragraph involved the relationship of the insurer and insured. Those cases refer to a fiduciary relationship. What resulted from this relationship? It was the duty of the insurer to deal in good faith with its insured. That duty exists in New Mexico. *American Employers' Insurance Co. v. Crawford,* supra.

Breach of this good faith duty was held to state a claim for relief in item (b) above. Item (c) is a contract claim. The good faith duty is not applicable to item (d) because in that item plaintiff dealt with State Farm as the insurer of Chenoweth. Items (c) and (d) do not involve dealings between insurer and insured; no fiduciary relationship is involved.

The claim of a fiduciary relationship fails to state any additional claim upon which relief could be granted.

(g) Equitable Estoppel

Plaintiff alleged that State Farm "is equitably estopped from denying liability due to the relationship and Defendant's actions". We do not know the factual basis for this claim other than that it is derived from prior parts of the complaint. Since the complaint covers a variety of alleged actions by defendant, a review of each of State Farm's alleged actions would be required to determine whether a claim for relief, based on estoppel, was pleaded. See *Miller v. Phoenix Assur. Co., Limited, of London,* 52 N.M. 68, 191 P.2d 993 (1948). We do not undertake such a review. Plaintiff's brief on appeal does not argue estoppel. Accordingly, any estoppel claim has been abandoned. *Novak v. Dow,* 82 N.M. 30, 474 P.2d 712 (Ct.App. 1970).

(h) Negligence

Plaintiff alleged that she was a third party beneficiary of the contract of insur-

ance between State Farm and Chenoweth. She alleged that this contract was breached by the negligent acts of State Farm. There is no statement of a negligence claim in the complaint. Civil Procedure Rule 8(a). In addition, plaintiff does not contend on appeal that a negligence claim was stated. *Novak v. Dow,* supra.

Oral argument was had in Cause No. 2320. Oral argument is unnecessary in Cause Nos. 2252 and 2562.

The judgment in favor of Chenoweth in Cause No. 2320 is affirmed. The judgment in favor of Keating in Cause No. 2252 is affirmed. The judgments in favor of Hicks and State Farm in Cause Nos. 2252 and 2562 are affirmed with the following exceptions:

1. Plaintiff has stated a claim against State Farm for unreasonable delay in paying medical expenses.

2. Plaintiff has stated a claim against Hicks and State Farm for breach of an oral contract to pay damages.

3. Plaintiff has stated a claim against Hicks and State Farm for fraud in promising to pay money damages in the future with a present intent not to keep the promise.

4. In connection with the above three claims, plaintiff seeks compensatory damages against Hicks and State Farm and punitive damages against State Farm.

The cause is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY, J., concurs.

SUTIN, J., concurring in part and dissenting in part.

SUTIN, Judge (concurring in part and dissenting in part).

I dissent in Cause No. 2320, liability action of *Chavez v. Chenoweth.* I concur in the remainder of the opinion.

A. *Reference to plaintiff's insurance in opening statement by defendant's attorney is reversible error.*

In this negligence action, an attorney for defendant, who is employed by State Farm Insurance Company, an attorney learned in the law and experienced in practice for many years, with knowledge that it was not relevant to the issues, with knowledge that it might be improper and prejudicial, in an opening statement said:

> But even on top of that, there will be testimony that she was going forty miles an hour, and this from her own statement. *She gave a statement to her own insurance company, State Farm Insurance* [*also defendant's insurance carrier*], *in which she said that—*

MR. CARIAN: If the Court please, I object to this statement before the jury, *and I would like to approach the bench.*

THE COURT: Just say what the evidence is going to show. I don't know that the statement would necessarily be admitted in evidence. Just say what the evidence will show.

MR. CARIAN: *I would like at this time to ask for a mistrial* on the basis that—

THE COURT: *It will be denied. Let's not make any reference any more, to insurance.*

MR. KLECAN: The evidence will be that she was going forty miles an hour from her own mouth.

THE COURT: First, let me give this instruction. The statements of counsel, whether made in their opening statement, the opening statement is not supposed to be an argument of counsel. The argument is made at the conclusion of the case, but statements of counsel, at the beginning of the case are merely for the purpose of telling the jury what the evidence will consist of, what they expect to prove, what the proof will show. This is the pref-

ace that counsel should use in making the opening statement, it will show thus and so; the evidence will show this and that and not make an argument. Then you, the jury, will determine whether or not they did prove what they said they were going to prove, when you hear the evidence, and if they tell you that this is the evidence, you don't have to believe that, because the lawyers cannot testify, and put it out of your mind. The only evidence which you will hear is that you will hear from the witness stand, and when they tell you this is a fact, or is not a fact, you don't have to pay any attention to that, because they are not the witnesses; they are just merely, or supposed to be merely telling you what the evidence will be, and not telling you what it is, because they are not witnesses. So you disregard all statements made by counsel, other than when they tell you what the evidence is going to be, what they will produce as evidence. You may proceed. [Emphasis added].

This instruction by the court was good in an ordinary case, when an attorney makes an argument instead of an opening statement. In this case, I think the statements of the trial court were entirely too mild to eradicate the objectionable part of the opening statement made. *Chavez v. Valdez,* 64 N.M. 143, 325 P.2d 919 (1958). The trial court had a duty to give a stern admonition to the jurors to absolutely disregard the statement made by defendant's attorney with reference to State Farm Insurance Company as insurer of plaintiff or the court should have permitted plaintiff to disclose the conflict of interest position of State Farm Insurance Company. In *Chavez,* supra, insurance was not involved. But the Court said:

We have held in many cases that the trial court had not, in our opinion, abused its discretion in denying a motion for mistrial because of claimed improper statements or arguments of counsel, but we did hoist a warning signal in *Griego v. Conwell,* 54 N.M. 287, 222 P.2d 606, about improper arguments and say we would not hesitate to reverse a judgment in a proper case, and we believe this is a proper case for such action. We do not believe there is a valid distinction to be drawn between an improper opening statement such as we have here and an improper argument to the jury. [64 N.M. at 148, 325 P.2d at 922].

The basis for my opinion is that defendant's attorney did not disclose that State Farm Insurance Company was also defendant's insurer. With the court's admonition that no more reference to insurance be made, plaintiff was denied the right to disclose the conflict of interest position of State Farm Insurance Company.

During the redirect examination of plaintiff, plaintiff offered into evidence her testimony that the man who took her statement was an agent for State Farm Insurance Company and represented defendant. This offer was denied. The trial court erred. *Wood v. Dwyer,* 85 N.M. 687, 515 P.2d 1291 (Ct.App.1973); *Turner v. Caldwell,* 349 S.W.2d 493 (Mo.App.1961); *Williams v. Matlin,* 328 Ill.App. 645, 66 N.E. 2d 719 (1946).

My attitude on the mention of "insurance" during trial was set forth in a special concurring opinion, *Hale v. Furr's Incorporated,* 85 N.M. 246, 253–54, 511 P.2d 572, 579–80 (Ct.App.1973):

Secrecy of "insurance" is an old fashioned antique. The "hush-hush" policy should be discarded. The dignified term "insurance" should be placed on the drawing board of the courtroom. *When plaintiff and defendant play this game fairly and openly before a jury* in the last quarter of the twentieth century, *both plaintiff and defendant will receive a fair trial.* [Emphasis added].

This concept has not been adopted in New Mexico. The main opinion quoted the following:

Defendant relies on the following from *Falkner v. Martin,* 74 N.M. 159, 391 P.

2d 660 (1964) : ". . . A mistrial will generally be declared in a negligence action if the question of insurance is brought into the case in such manner as to be calculated to influence the verdict of the jury. . . ." *Fort v. Neal,* 79 N.M. 479, 444 P.2d 990 (1968) states: ". . . we recognize that a jury may be prejudiced by knowledge that insurance is present. . ." See also, *Garcia v. Sanchez,* 68 N.M. 394, 362 P.2d 779 (1961). [85 N.M. at 249, 511 P.2d at 575].

"Many companies have such suits involving two insureds suing each other. This results from the high percentage of automobile insurance written by these companies". Allen, "Selected Conflicts of Interest Problems In Insurance Litgation", Vol. 1971, No. 5, The Defense Research Institute, Inc., p. 50. Cases have not been cited and none have been found in which such litigation arose.

*Varney v. Taylor,* 71 N.M. 444, 379 P.2d 84 (1963) illustrates the conflicts of interest problem of an insurance company that seeks to be a party plaintiff, when it also defends insureds in a negligence action. The Court said:

> The problem is troublesome, because, quite obviously, no litigant should be allowed to participate on both sides of a lawsuit. [71 N.M. at 445, 379 P.2d at 85].

> \* \* \* \* \* \*

> To allow unencumbered intervention would create such a potential conflict of interest that we do not believe it should be allowed. [71 N.M. at 447, 379 P.2d at 86].

The conflicts of interest position of State Farm in the instant case appears to be a matter of first impression in the United States.

On the other side of the coin, "Inferences in his opening statement *by counsel for the plaintiff* in a negligence action that the defendant carries liability insurance are highly improper, and in a number of instances have been held to constitute ground for a reversal or a new trial." [Emphasis added]. 75 Am.Jur.2d, Trial § 208, p. 292 (1974) ; 4 A.L.R.2d 761, 786–87, § 15 (1949), and supplements to April, 1976; 88 C.J.S. Trial § 161 (1955).

Plaintiffs have, in innumerable cases, been punished for merely mentioning, even by implication, that insurance of defendant existed. In *Estes v. Town of Big Flats, Chemung County,* 41 A.D.2d 681, 340 N.Y.S.2d 950, 951 (1973), attorney for plaintiff, in an opening statement, made a comment: "They had insurance for this bridge. They deny it in the papers. They deny responsibility for the bridge." The Court reversed. It said:

> Even assuming a legitimate issue were present, the opening statement was not the proper time to comment on how the ownership or control would be proven, particularly when no such proof would be offered into evidence during the trial. Such was the case herein and it can only be concluded that it was a deliberate and unwarranted disclosure to the jury that defendant town carried liability insurance on the bridge, strongly suggesting a calculated attempt at prejudice. *In such a close case of liability this prejudicial conduct cannot be condoned and constitutes reversible error.* [Emphasis added].

This kind of judicial language can be multiplied many times.

And where *the defendant's attorney,* in his opening statement said "Mr. Wass has no liability insurance", it was reversible error. *Bacon v. Wass,* 200 Okl. 581, 198 P. 2d 423 (1948).

The question for decision is: Was plaintiff prejudiced by the conflict of interest position of State Farm Insurance Company? I think she was.

Courts of review have no actual knowledge of the effect that "insurance" has on the minds of the jury. Neither do we know what discussion occurs during the jury's deliberations. In cases on the other side of the coin, the courts simply say that in personal injury actions, reference to

insurance is calculated to influence the jury in its verdict, both upon the issue of negligence and the amount of damages. " '. . . [T]he average juror is either unconsciously or otherwise influenced by the fact that the alleged negligent actor carries insurance. Such average juror, it has been found, is frequently led astray and returns an unauthorized verdict . . . .'" *Turpin v. Schrivner*, 297 Ky. 365, 178 S.W.2d 971, 974 (1944).

In the instant case, did the jury believe that plaintiff did have insurance *and defendant did not*? Did the jury then believe that this was a close case of liability, and by reason thereof, returned a verdict for the defendant? We should not have to speculate. An experienced trial attorney knows the meaning of an opening statement. We have no statute, rule or case law that requires an opening statement by the parties. "While it is the usual custom to do so, an opening statement is ordinarily intended to do no more than inform the jury in a general way of the nature of the action, and defense, so that they may better be prepared to understand the evidence." *Winter v. Unaitis*, 123 Vt. 372, 189 A.2d 547, 5 A.L.R.3d 1400, 1403 (1963); *Hays v. Missouri Pacific Railroad Company*, 304 S.W.2d 800 (Mo.1957); 75 Am.Jur.2d, Trial, § 203 (1974); 88 C.J.S. Trial § 161 (1955).

We should adopt a judicial rule in negligence cases that attorneys for plaintiff and defendant should confine the opening statement to the nature of the action, and defense. Ofttimes, attorneys for plaintiff and defendant make closing arguments at the opening of the case, give the case an "insurance" coating, and sprinkle it with an "insurance" perfume, or use some other colorful language to persuade the jury of the justice of the action and the righteousness of the defense. We should not condone this prejudicial conduct. We should protect the conscience of the man or woman on the street who sits on a jury. If attorneys do not play the game fairly and openly before a jury, their clients should

not profit by this type of rivalry. No attorney has a right to do what he pleases in the trial of a case, except when he pleases to do right.

Plaintiff is entitled to a new trial in Cause No. 2320.