475 P.2d 464

**Esther M. GARCIA and Lupe Suarez, Plaintiffs-Appellants,**

v.

**UNIVERSAL CONSTRUCTORS, INC., and City of Albuquerque, a Municipal Corporation, Defendants-Appellees.**

**No. 455.**

Court of Appeals of New Mexico.

Sept. 25, 1970.

Avelino V. Gutierrez, Albuquerque, for appellants.

Lynn D. Smith, Jr., and Frank M. Mims, Albuquerque, for appellee City of Albuquerque.

Peter J. Adang, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for Universal Constructors, Inc.

## OPINION

SPIESS, Chief Judge.

This action was instituted against Universal Constructors, Inc. (contractor) and the City of Albuquerque by plaintiffs, Garcia and Suarez. Plaintiffs sought recovery of property damage resulting from the settlement and cracking of their homes allegedly arising out of the construction of a sewer line for the City by the contractor.

The trial resulted in a verdict in favor of the contractor and a directed verdict on behalf of the City. The plaintiffs appealed from the judgment favorable to both defendants. The portion of the judgment favorable to the contractor was affirmed by opinion in Garcia v. Universal Constructors, Inc. and City of Albuquerque (Ct.App.), 81 N.M. 703, 472 P.2d 668, decided June 12, 1970. The question now before us is whether the trial court erred in directing a verdict in favor of the City.

Plaintiffs' claim against the City is based upon alleged negligence "* * * in drawing the plans and specifications which permitted defendant, Universal Constructors, Inc., to use improper de-watering methods and to excavate deep trenches without requiring proper shoring and bracing to prevent the lateral flow of ground, * * *" and "* * * in failing to supervise defendant, Universal Constructors, Inc., requiring such defendant to use proper de-watering methods and proper shoring and bracing of excavations so as to prevent settlement and cracking to plaintiffs' homes."

In considering a motion for a directed verdict for defendant at the close of the case the Supreme Court in Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966), said:

"* * * It is entirely within the province of the court to determine all questions of law, including the legal sufficiency of any asserted claim or defense, the admissibility of any evidence offered on any proper issue of the case, and the sufficiency of the evidence adduced to raise a question of fact to be submitted to the jury. In determining whether or not a question of fact has been raised on any proper issue in the case, the trial court must view the evidence in its most favorable aspect to support the party raising the issue, and indulge all reasonable inferences or conclusions to be drawn from the evidence. If reasonable minds cannot differ as to the result to be reached from a con-

sideration of the evidence, and all inferences to be drawn therefrom, then, and only then, does the issue become one of law to be determined by the court and to be taken from the jury."

In Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405 (1954), the court said:

"The verdict should be directed only if in the exercise of sound discretion the court can say there is neither evidence nor permissible inference which would support a verdict for the plaintiff."

By application of these rules the trial court, in our opinion properly directed the verdict for the City.

The contract under which the work was performed did not specify the methods or procedures to be followed by the contractor either in dewatering or in shoring and bracing excavations. The manner of performing this work was left to the judgment of the contractor. There is no evidence in the record from which it can properly be said that the contractor was either inexperienced or lacking in the requisite technical knowledge and skill normally required in the performance of this particular type of work.

It is difficult to see how it can be successfully argued, absent a showing of incompetence or lack of knowledge or skill on the part of the contractor, that the city was negligent in omitting from the contract procedures which were to be followed by the contractor in performing the work, and in leaving such matters to the contractor's judgment.

The record does not disclose evidence which would warrant a finding that damage to property in the area could reasonably have been anticipated or foreseen as a result of the methods of dewatering and shoring or bracing of excavations which were employed. To the contrary, testimony in the record would support a finding that the methods employed were common in the particular area and within generally accepted engineering standards.

Therefore, the record does not support plaintiffs' contention that the City negligently failed to supervise by showing that other methods of dewatering and shoring excavations might have prevented the damage complained of. The methods which *were* employed were not shown to be improper.

In our view, the record would not support a verdict for the plaintiffs against the City. The trial court, accordingly correctly directed the verdict against plaintiffs.

The judgment is accordingly affirmed. It is so ordered.

OMAN and HENDLEY, JJ., concur.