533 P.2d 1203

**AMERICAN EMPLOYERS' INSURANCE COMPANY, a corporation, Petitioner,**

v.

**Oscar F. CRAWFORD and John M. Penrose, Respondents.**

**No. 10080.**

Supreme Court of New Mexico.

April 11, 1975.

Girand & Richards, Hobbs, Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Rex D. Throckmorton, Albuquerque, for petitioner.

Hinkle, Bondurant, Cox & Eaton, Harold L. Hensley, Jr., Hunker, Fedric & Higginbotham, Roswell, for respondents.

## OPINION

OMAN, Justice.

This cause is here on a writ of certiorari directed to the New Mexico Court of Appeals, which affirmed a judgment in favor of plaintiff. Crawford v. American Employers' Insurance Co., 86 N.M. 612, 526 P.2d 206 (Ct.App.1974). We reverse the decision of the Court of Appeals and the judgment of the district court, and remand the case to the district court with directions to set aside its judgment, enter judgment for the defendant and dismiss plaintiffs' complaint with prejudice.

The plaintiff will hereinafter be referred to as Crawford and the defendant as Company. The only question we need consider is whether the trial court correctly denied the Company's motion for a directed verdict in its favor. The Court of Appeals held the trial court did not err in denying this motion. We disagree.

It is the province of the trial court to determine all questions of law, including the legal sufficiency of any asserted claim or defense. If the evidence fails to present or support an issue essential to the legal sufficiency of an asserted claim, the right to jury trial disappears. Loucks v. Albuquerque National Bank, 76 N.M. 735, 740, 418 P.2d 191, 195 (1966); Garcia v. Universal Constructors, Inc., 82 N.M. 70, 475 P.2d 464 (Ct.App.1970). It is fundamental that the evidence adduced must support all issues of fact essential to the maintenance of a legally recognized and enforceable claim. Otherwise, there can be no basis in fact for the claim, and it must be dismissed as a matter of law. This is what the Company sought by its motion for a directed verdict.

The facts established by the record clearly show that plaintiff was not entitled to recover for two reasons: (1) there was no breach of a duty owed by the Company to Crawford, and (2) the damage suffered by Crawford was not proximately caused by misconduct of the Company.

The essential facts are:

(1) Crawford was engaged in a business venture with a Mr. Penrose.

(2) Penrose and Crawford made arrangements with a Mr. Woolett for the services of Woolett in this venture. Crawford, at all times material to this cause, claimed Woolett was not his employee. He so represented to the Company and even so testified at the trial of the present case.

(3) Crawford had secured from the Company a policy of insurance on an automobile. The bodily injury liability under this policy was $100,000 for one person. The other two provisions of this policy with which we are here concerned relate to the Company's duty to defend Crawford against suits for claimed bodily injury and an exclusion from coverage for bodily injury. As to the duty to defend, the policy provides that the Company " * * * shall: (a) defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient * * *."

The exclusion in question provides that there is no coverage under the policy for " * * * bodily injury to * * * any employee of the insured arising out of and in the course of * * * employment by the insured."

(4) On May 31, 1966, Penrose was driving the automobile and Woolett was a passenger therein. The vehicle was involved in an accident in the State of California.

(5) On May 24, 1967, Woolett filed suit in the Superior Court of California against Crawford, Penrose and others, seeking damages for the serious personal injuries he sustained in the accident. One of the issues presented in the California case was whether Woolett was an employee of Crawford.

(6) Upon being served with suit papers, Crawford promptly tendered the defense of the suit to the Company, which assumed its duty to defend and employed Mr. Friedrich, a well respected California trial attorney, to defend Crawford and Penrose. At this time the Company expressed doubts as to coverage under the policy because of the employee exclusion, even though Crawford, as above stated, at all times insisted Woolett was not his employee.

(7) A possible conflict developed between Crawford and Penrose in connection with the relationship between them. Thereupon, the Company employed Mr. Mann, a highly respected and experienced New Mexico trial attorney, to represent Crawford, who resided in New Mexico. Crawford fully understood that he was being represented by Mr. Mann and Mr. Friedrich.

(8) On July 28, 1967, Crawford executed a "Reservation of Rights Agreement." It contained a rather detailed statement of the events leading to its execution; an agreement that the Company's actions in investigating the claimed losses or damages and the circumstances surrounding the accident, in negotiating for settlement, and in furnishing Crawford a complete defense to the suit, should not in any way waive any right the Company "may now or hereinafter have, under the terms of the policy of insurance"; and that:

"[t]he intent and purpose of this agreement is to permit a full and impartial investigation, explore settlement possibilities and a full and complete defense of all claims brought against INSURED [Crawford] as a result of the hereinabove described automobile accident without in any way incurring any admission of liability on the part of the COMPANY or impairing or waiving any of the rights of any party hereto except

that INSURED waives the right to insist that such handling of the claim by the COMPANY will constitute any admission of liability on the part of the COMPANY to INSURED or anyone claiming through, under or by him and otherwise INSURED does not waive or release any rights he may have under said policy."

Crawford, at the trial of the case now before us, testified that he did not read the entire Reservation of Rights Agreement. However, he did testify that this instrument was explained to him by Mr. Mann and that he understood it was:

"[a]n ordinary thing, under the circumstances such as these, it was necessary for the insurance company to have this paper signed by me and it would in no way affect their liability under anything that might exist, and also, that it would allow them to proceed to take full defense of the case, and do whatever they considered necessary, without having to consult with me about it."

The trial court obviously was of the opinion that it was Crawford's duty to read the agreement before he signed it, because it so instructed the jury.

(9) In August of 1969, Woolett's attorney submitted a written offer of settlement for $175,000. This was the only offer of settlement made by Woolett. It was made known to Crawford, but he refused to pay a dime toward any settlement. Subsequently, during the trial in California, Woolett's attorney solicited an offer of settlement from Crawford and Penrose, and Crawford's response was: "I will not pay that S.B. a dime."

(10) The Company employed another California attorney, a Mr. Erickson, to represent it on the coverage question. A suit for declaratory judgment was filed on February 12, 1970, by Mr. Erickson on behalf of the Company. The principal issue to be resolved therein was that of whether or not Woolett was an employee of Crawford, which, as above stated, was also one of the issues to be resolved in the tort action filed by Woolett. A temporary restraining order was entered in the declaratory action by which the trial in the Woolett case was stayed, but this restraining order was dissolved on March 22, 1970, and the Woolett case came on for trial on March 31, 1970. A verdict was returned in favor of Woolett against Crawford and Penrose in the amount of $633,000. Judgment on the verdict was entered on April 20, 1970.

(11) The present suit was filed by Crawford and Penrose in the district court of Chaves County, New Mexico, on September 18, 1970. They sought judgment for $100,000 by way of claimed liability of the Company under the policy of insurance, for the amount of the California judgment for claimed bad faith and negligence in handling the Woolett claim and suit, for punitive damages and for costs.

(12) On the first morning of trial in the New Mexico case, the district judge ruled that the employee exclusion was applicable and there was no coverage under the policy of insurance for Crawford's liability to Woolett. The jury was subsequently so instructed. This ruling is not challenged on this appeal.

(13) The Company, as hereinabove stated, moved for a directed verdict at the proper times, but these motions were denied.

(14) The district court submitted the case to the jury on the following claims by Crawford and Penrose:

"Plaintiffs claim that the Defendant was negligent or breached its obligation to use good faith in dealing with Plaintiffs in one or more of the following acts:

"(A) By Failure to inform Plaintiffs of the decision of Defendant to deny insurance coverage in a timely and appropriate manner.

"(B) Failure to resolve the question of insurance coverage in a timely and appropriate manner.

"(C) Retention of defense of case after conflicts between the interests of

the Plaintiffs and the Defendant were known to exist.

"(D) Failure to follow the advice of counsel in conduct of the defense.

"(E) Failure to give proper consideration to the financial risks to the Plaintiffs when balanced against the monetary interests of Defendant.

"Plaintiffs have the burden of proving damage proximately caused by one or more of the claimed acts of misconduct of Defendant."

(15) The jury returned a verdict in favor of Crawford and against the Company and a verdict in favor of the Company and against Penrose. Judgment was entered on the verdict. Crawford was given judgment against the Company for $633,000, interest thereon as provided in the California judgment against Crawford, and costs. Penrose has not appealed. We are concerned only with the appeal by the Company from the judgment entered against it in favor of Crawford.

Our holding that the Company breached no duty owing to Crawford must obviously depend upon our conclusion that none of his claims, as set forth in the district court's instructions to the jury, was legally sufficient to support any recovery by him against the Company, or there was not substantial evidence to support any claim.

The first two claims were that the Company negligently, or in violation of its contractual obligation of good faith, failed to timely and in an appropriate manner resolve and inform Crawford of its decision to deny coverage under the policy of insurance. Crawford claimed the right to be indemnified to the extent of $100,000 against liability to Woolett for injuries and damages sustained in the accident. There was in fact no such coverage or right of indemnity, since Crawford's liability to Woolett was expressly excluded from this coverage under the policy.

■ The delay in the Company's decision regarding coverage appears to be based on Crawford's consistent claim that Woolett was not his employee. Crawford cannot be heard to complain that the Company at least placed some credence in this persistent claim by him. Compare Hall v. Preferred Acc. Ins. Co. of New York, 204 F.2d 844 (5th Cir. 1953). The obligation to deal fairly and honestly rests equally upon the insurer and the insured. Modisette v. Foundation Reserve Insurance Co., 77 N.M. 661, 427 P.2d 21 (1967). If Crawford's contention had been true, the employee exclusion would not have been applicable, and the coverage would have been available to him. This was the only coverage question involved, and was obviously the only reason for the execution of the Reservation of Rights Agreement.

Even if it be true that Crawford did not, in his mind, relate this agreement to this coverage question, he clearly understood the purpose of the agreement was to reserve to the Company all of its rights under the policy. One of these rights was that of relying upon its policy exclusions. The Company had no liability in fact, but this issue was never definitely resolved until the verdict had been returned in the tort suit in California and the judgment had been entered on this verdict. If Crawford failed to appreciate the effect of this verdict and judgment on his coverage under the policy, he was immediately so advised by the Company.

■ The Company was not obliged to seek a resolution of this issue in a declaratory proceeding. If there be any authority so holding, it has not come to our attention. The Court of Appeals recognized that no such obligation rested upon the Company, but obviously considered the Company's failure to bring such an action to a conclusion before the trial of the tort suit as constituting a breach of the Company's duty of good faith. The suggestion is that the failure to bring to a conclusion the declaratory action prior to the trial of the tort suit in some way adversely affected the conduct of Crawford's defense in that suit. There is not the slightest evidence to support this suggestion.

■ It is generally recognized that coverage defenses may be properly preserved by a reservation of rights agreement. Green v. Aetna Insurance Company, 349 F.2d 919 (5th Cir. 1965); Fragman Const. Co. v. Preston Const. Co., 1 Ill.App.3d 1002, 274 N.E.2d 614 (1971); Herman v. Western Casualty and Surety Company, 271 F.Supp. 502 (E.D.Mo.1967). However, we do not mean to suggest that the Company in the present case need rely upon the Reservation of Rights Agreement. Its only obligation under the policy was to defend Crawford in the tort suit filed by Woolett. This obligation was placed upon it by the above quoted policy provision defining its duty in this regard. See Lujan v. Gonzales, 84 N.M. 229, 501 P.2d 673 (Ct.App.), cert. denied, 84 N.M. 219, 501 P.2d 663 (1972), which was concerned with an almost identical policy provision. See also as to an insurer's duty to defend, Gray v. Zurich Insurance Company, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966); American Employers' Ins. Co. v. Continental Cas. Co., 85 N.M. 346, 512 P.2d 674 (1973). The Company discharged its duty to defend Crawford.

■ It has been judicially and finally determined that the Company at no time had a duty under the policy of insurance to indemnify Crawford for his liability to Woolett. Absent any such duty, how did the Company become obliged to resolve the question of coverage prior to the conclusion of the Woolett suit, or become obliged to convey any doubts or decisions it might have entertained concerning this coverage question? What was inappropriate about its written advice to Crawford immediately following the conclusion of the Woolett suit and the resolution of the question of employment upon which the resolution of the coverage question depended? Clearly, the Company violated no contractual obligation to Crawford, and we fail to understand the source or nature of any duty recognized in the law of tort which the Company owed and breached. Compare Panizzi v. State Farm Mutual Automobile Insurance Co., 386 F.2d 600 (3d Cir. 1967), cert. denied,

392 U.S. 937, 88 S.Ct. 2308, 20 L.Ed.2d 1395 (1968); Prickett v. Hawkeye-Security Insurance Company, 282 F.2d 294 (10th Cir. 1960); State Farm Mutual Automobile Ins. Co. v. Gonzales, 83 N.M. 296, 491 P.2d 513 (1971); Bourne v. Seal, 53 Ill.App.2d 155, 203 N.E.2d 12 (1964).

■ The next claim was that the Company negligently, or in violation of its contractual obligation of good faith, retained defense of the Woolett case after conflicts between interests of Crawford and interests of the Company were known to exist. As above shown, Crawford tendered the defense of the Woolett suit to the Company, and it had the obligation under the express language of its policy to defend. The mere fact that conflicts of interest appeared did not relieve it of this duty. Babcock & Wilcox Company v. Parsons Corporation, 430 F.2d 531 (8th Cir. 1970); Gray v. Zurich Insurance Company, supra; Satterwhite v. Stolz, 79 N.M. 320, 442 P.2d 810 (Ct.App.1968).

The Court of Appeals recognized that the Company was not relieved of its duty to defend Crawford merely because conflicts of interest appeared, but it claims the attorneys employed to defend Crawford were placed in an untenable position and that the only solution was that they "insist that the insured [Crawford] retain separate counsel of his own choosing." We disagree.

The only conflict between Crawford and the Company related to the coverage question discussed above, and this question was resolved in favor of the Company. Besides, the Company defended under a Reservation of Rights Agreement and employed Mr. Erickson solely for the purpose of representing the Company on this question. Mr. Friedrich and Mr. Mann represented Crawford on this and all other issues in the Woolett suit. Crawford fully understood that Mr. Friedrich and Mr. Mann had been employed to represent him. He testified that Mr. Mann advised him that he, Mr. Crawford, had a "perfect right * * * to secure other counsel" and that it was his

"prerogative" to do so. Upon being so advised, he asked Mr. Mann if he, Mr. Mann, felt it was necessary for him, Crawford, to secure other counsel. Mr. Mann answered, "Not that he could see."

Crawford at no time expressed dissatisfaction with the services of Mr. Mann and Mr. Friedrich, and there is nothing to indicate that either failed to faithfully discharge his duties to Crawford or that the Woolett suit was not properly and vigorously defended. The case of Satterwhite v. Stolz, supra, relied upon by the Court of Appeals, does not support its position. If the case of Prashker v. United States Guar. Co., 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956), also relied upon by the Court of Appeals, in fact supports the position of the Court of Appeals, we decline to follow it.

In American Employers' Ins. Co. v. Continental Cas. Co., supra, we recognized that the existence of conflicts of interest does not excuse the insurer from defending and observed: "Moreover there are several methods of resolving the conflict, none of which involve an abdication of the insurer's duty to defend under the insurance contract. See Employers' Fire Insurance Co. v. Beals, 103 R.I. 623, 240 A.2d 397 (1968); Burd v. Sussex Mutual Insurance Co., 56 N.J. 383, 267 A.2d 7 (1970). * * *"

In Employers' Fire Ins. Co. v. Beals, 103 R.I. 623, 240 A.2d 397 (1968), upon which we relied, it was stated that a conflict could be resolved by insisting that the insured · hire independent counsel, or the Company could hire two sets of attorneys, one to represent the insured and the other the Company. In Burd v. Sussex Mutual Insurance Company, 56 N.J. 383, 267 A.2d 7 (1970), upon which we also relied, it was suggested a conflict might be resolved by a declaratory judgment suit or by a Reservation of Rights Agreement.

As already stated, the Company owed no duty to Crawford to indemnify him. Its only duty was to defend him, and this it did by employing two reputable and competent trial attorneys to whom he made no objections.

The next claim was that the Company negligently, or in violation of its contractual obligation of good faith, failed to follow the advice of counsel in the conduct of the defense in the Woolett case. The advice, which Crawford claims the Company was obliged to follow, relates (1) to Mr. Friedrich's advice that the Company offer the policy limits of $100,000 to settle with Woolett and (2) to Mr. Friedrich's advice as to the time when Crawford should be advised that he had no coverage under the policy by reason of the employee exclusion.

Since Crawford had no coverage, we fail to understand how the Company acted negligently, or displayed bad faith in refusing to pay $100,000 which it had no duty to pay. See Panizzi v. State Farm Mutual Automobile Insurance Co., supra; Prickett v. Hawkeye-Security Insurance Company, supra; Bourne v. Seal, supra. We have already disposed of the question of the duty of the Company to inform Crawford of lack of coverage.

Mr. Friedrich was employed by the Company to defend Crawford, and he was obviously representing Crawford's interests. The Company was not obliged to accept his advice to assume a liability it did not owe.

The final claim was that the Company negligently, or in violation of its contractual obligation of good faith, failed to give proper consideration to the financial risks to Crawford when balanced against the monetary interests of the Company. Since the Company had no obligation to indemnify Crawford for any of his liabilities to Woolett, and since it discharged its duty to defend him, there was no balance to be struck between his financial risks and its monetary interests. Besides, we confess our inability to relate negligence, or a contractual obligation of good faith, with any such balancing, and can only wonder what sort of speculation the jury would have been required to engage in to resolve any such issue presented.

■ The final matter which we discuss, but which is not essential to the result we reach in view of our foregoing dispositions of Crawford's claims of misconduct on the part of the Company, has to do with the recognition by the district court that Crawford had the burden of proving damage proximately caused by one or more of the claimed acts of misconduct. Clearly, this was the duty of Crawford, had he been able to prove a breach of a legally enforceable claim in either tort or contract. Loucks v. Albuquerque National Bank, supra. As above stated, the California court entered judgment for Woolett against Crawford in the amount of $633,000 plus interest. This is precisely the amount of the judgment entered in the present case against the Company, except for costs of the present suit. Since Crawford's claims all relate to alleged misconduct on the part of the Company in connection with the handling of Woolett's claims and the defense of Crawford in the suit, the burden was on Crawford, even if we were to concede the propriety of his claims, or any of them, to demonstrate by proper and substantial evidence that the entry of the judgment against him by the California court proximately resulted from the claimed misconduct. This proximate relationship could not properly be based upon speculation, guess or conjecture.

There is no evidence to support a finding that the award to Woolett in the amount of $633,000, plus interest, proximately resulted from any claimed misconduct on the part of the Company.

It follows that the decision of the Court of Appeals and the judgment of the trial court should be reversed, and this cause should be remanded to the district court with directions to set aside its judgment in favor of Crawford against the Company, enter judgment dismissing his complaint, and award proper costs to the Company.

It is so ordered.

McMANUS, C. J., and MONTOYA and MARTINEZ, JJ., concur.

STEPHENSON, J., concurring specially.

STEPHENSON, Justice (concurring specially).

I concur in the result reached by the majority and in that portion of the foregoing opinion which reaches that result predicated upon a want of evidence of proximate cause.

I emphatically disagree with that portion of the opinion which holds that there is no evidence of a breach of duty owed by the company to Mr. Crawford. Moreover, I do not understand the occasion for including this material in the opinion since it is unnecessary in reaching a correct result.