**AMBASSADOR INSURANCE COMPANY, Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
**Appellee.**

**No. 82-1571.**

United States Court of Appeals, Tenth Circuit.

Jan. 16, 1985.

Norman F. Weiss, Farlow, Simone & Roberts, P.A., Albuquerque, for appellant.

Lyman G. Sandy, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for appellee.

Before SEYMOUR and DOYLE, Circuit Judges, and SAFFELS, District Judge[*].

WILLIAM E. DOYLE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e).

The Ambassador Insurance Company was, in this case, the excess insurance carrier for Memorial General Hospital. They had filed this action against St. Paul Fire & Marine Insurance Company, the primary insurance carrier. Ambassador sought recovery for the funds that it paid out as excess carrier and charged that St. Paul Fire had failed to settle a claim in bad faith or negligently.

A medical malpractice action was brought against the hospital. The plaintiff in that case initially appeared willing to settle the case for $60,000, which was well below the limits of St. Paul's policy. For a variety of reasons, St. Paul refused to settle the malpractice claim. After a trial and an appeal, the parties to the malpractice action settled the claim for $125,000. Due to the fact that the limit on St. Paul's policy was $100,000, Ambassador was required to pay $25,000 of the settlement.

Ambassador then brought this action against St. Paul seeking to recover the $25,000. The allegation of Ambassador was that St. Paul's refusal to settle the medical malpractice claim for $60,000 was either negligent or in bad faith. St. Paul then moved for a dismissal of the negligence claim, asserting that New Mexico did not recognize the cause of action for negligent refusal to settle. The trial court granted this motion. Ambassador's claim of bad faith refusal to settle was tried to a jury. The jury found for St. Paul.

Two issues are raised on appeal. *One*, whether the trial court erred in its jury instructions having to do with the claim of refusal to settle in bad faith. *Two*, whether the trial court erred in granting defendant's motion for dismissal of the negligence claim on the grounds that New Mexico did not recognize a cause of action for negligent failure to settle a claim.

The argument of the plaintiff, Ambassador Insurance Company, is that the trial court erred in finding that New Mexico courts do not recognize a cause of action for negligent failure to settle. Plaintiff's assertion is that the trial court misread *American Employers' Insurance v. Crawford*, 87 N.M. 375, 533 P.2d 1203 (1975), as holding that New Mexico does not recognize such a cause of action. According to plaintiff, *American Employers'* either implicitly recognized a cause of action or, in the alternative, never reached the question. In addition, it is plaintiff's position that many jurisdictions now recognize the cause of action for negligent refusal to settle and that if the New Mexico courts were faced with this issue, they would now recognize that this does give rise to the cause of action when negligence is established.

The defendant, on the other hand, responds that New Mexico does not recognize a cause of action for negligent refusal to settle and still defines the duty as being limited to the terms of bad faith. Defendant's further contention is that in *American Employers', supra*, the New Mexico court continued to view the obligation between insured and insurer as one of con-

[*] Dale E. Saffels, United States District Judge, District of Kansas, sitting by designation.

tract and not a duty in tort law. Defendant argues that only a minority of jurisdictions recognize a cause of action for negligent refusal to settle. In addition, the defendant contends many courts apply the same standard regardless of whether the action is labeled "bad faith" or "negligence", and that, therefore, there was no prejudice to the plaintiff by the trial court's dismissal of its negligence claim. Finally, the defendant maintains that any error by the trial court was harmless in light of the overwhelming evidence in favor of St. Paul.

The court dismissed the negligence cause of action, relying on *American Employers' Insurance v. Crawford,* 87 N.M. 375, 533 P.2d 1203 (1975). This is the only New Mexico case which mentions a claim for negligent refusal to settle. The insured, Crawford, obtained an insurance policy for $100,000 from American Employers Insurance which obligated the insurer to defend Crawford in suits for bodily injury. The policy, however, excluded coverage of bodily injury to any of Crawford's employees. Crawford engaged Woolett to perform services for his business venture. Woolett was injured and brought an action against Crawford. The insurer defended Crawford in a tort action and, apparently, at the behest of Crawford, turned down Woolett's offer of settlement for $175,000. But Woolett was successful in his personal injury suit and obtained a judgment against Crawford for $633,000. It was further determined that Woolett was an employee of Crawford's and that Woolett was, therefore, excluded from the coverage of Crawford's policy. Crawford then brought suit against American Employers' Insurance Company. He alleged, among other things, negligent or bad faith refusal to settle. The court found the insurer was not liable.

The trial court, in the case at bar, read *American Employers'* as standing for the proposition that New Mexico does not recognize a cause of action for negligent failure to settle and dismissed Ambassador's negligence claim. The New Mexico Supreme Court in *American Employers'* discussed negligence as a possible basis for liability. However, the court in that case was not required to decide the question. The holding had to do with a different basis. Crawford had no coverage and the New Mexico court recognized this and said that the failure to pay where there is no duty to settle is neither negligent nor bad faith. It is axiomatic that if there is no duty to settle a claim, there can be no negligent or bad faith refusal to settle.

Unlike the *American Employers' Insurance* case, in the instant case negligence was squarely presented and rejected by the trial judge.

Turning now to the jury instructions, plaintiff Ambassador maintains that the trial court erred in its instructions to the jury regarding the definition of bad faith. According to the plaintiff, New Mexico uses the following standard to determine whether the insurer acted in good or bad faith:

> We use the term good faith in this case to mean an insurer cannot be partial to its own interests, but must give its insured equal consideration.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> To fulfill the duty of giving equal consideration to the interests of the insured and the insurer there must be a fair balance of these interests.

*Lujan v. Gonzales,* 84 N.M. 229, 236, 501 P.2d 673, *cert. denied,* 84 N.M. 219, 501 P.2d 663 (1972).

The point we make here is that the judge did not follow the definition of good faith as set forth in the New Mexico case, but the trial judge did follow Devitt and Blackmer, which is a federal jury practice and instructions work which does contain well designed and written instructions.

On appeal, the appellant contends that the trial court applied the wrong standard by (1) telling the jury that the insurer's failure to equally balance its interests with those of the insured can (as opposed to *is*) be bad faith; (2) instructing the jury that bad faith meant that St. Paul's conduct "was of such an arbitrary and reprehensive nature as to constitute bad faith, meaning the breaching of a known duty through some motive of interest or ill will;" and (3) failing to give several plaintiff's proferred jury instructions.

The defendant responds that plaintiff did not properly object to some of the instructions and that the jury instructions, when taken as a whole, are substantially a correct statement of the law.

We recognize that it is possible that the instructions which were given by the district court in this case regarding failure to settle do not coincide with the law of New Mexico. We believe that the Supreme Court of New Mexico should interpret its own decisions, insofar as they provide the definitions of bad faith or the duty of giving equal consideration to the interests of the insured and the insurer, and that in arriving at a fair balance of these interests. Also, it is a question of New Mexico law as to whether there is a question of negligence as a result of passing up the opportunity to settle a case as actionable on the basis of negligence. This court hesitates to interpret the New Mexico law where it is possible to submit the matter to the New Mexico court. It is for this reason that, in accordance with New Mexico Section 34–2–8, we submitted this case to the Supreme Court of New Mexico with interrogatories pursuant to the Certification Statute. This statute provides as follows:

> The Supreme Court may answer by written opinion questions certified to it by the Supreme Court of the United States, any Circuit Court of Appeals of the United States, the Court of Appeals of the District of Columbia, any District Court of the United States or the District Court of the District of Columbia, if (a) the questions involve propositions of New Mexico law which are determinative of the cause before the federal court; and (b) there are no controlling precedents in decisions of the New Mexico Supreme Court or the New Mexico Court of Appeals. The Supreme Court may promulgate rules to govern the process of such certification which are not consistent with law.

The questions certified to the Supreme Court of New Mexico were as follows:

1. Did the district court err in granting defendant's motion for dismissal of the negligence claim on the ground that New Mexico does not recognize a cause of action for negligent failure to settle the claim? The essence of this question is:

   Does the New Mexico Supreme Court recognize negligent failure to settle as a usable cause of action?

2. Did the district court correctly instruct the jury as to the meaning of bad faith as a basis for failure to settle?

In responding to our certification of these questions, the Supreme Court of New Mexico held, 690 P.2d 1022:

1. The federal district court was correct in its conclusion that New Mexico does not recognize a cause of action for negligent failure to settle.

2. The district court's jury instructions as to the meaning of bad faith as a basis for an action for failure to settle, read as a whole, were adequate statements of New Mexico law.

■■■ We accept the determinations by the Supreme Court of New Mexico. The full opinion of that court is incorporated herein as an appendix to this opinion. As these determinations resolve both issues raised on appeal to this court, we affirm the judgment below.

## APPENDIX

### IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

AMBASSADOR INSURANCE COMPANY, Plaintiff-Appellant,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellee.

No. 15,395

Nov. 8, 1984

CERTIFICATION FROM THE TENTH CIRCUIT COURT OF APPEALS

William E. Doyle, Circuit Judge

LeRoi Farlow, Norman F. Weiss, Farlow, Simone & Roberts, Albuquerque, New Mexico, Attorneys for Appellant.

William K. Stravert, Lyman G. Sandy, Miller, Stravert, Torgerson & Brandt, Albuquerque, New Mexico, Attorneys for Appellee.

## OPINION

RIORDAN, Justice.

Plaintiff Ambassador Insurance Company (Ambassador), as excess insurance carrier for Memorial General Hospital of Las Cruces, New Mexico (insured), brought this action in the United States District Court for the District of New Mexico (district court) against defendant St. Paul Fire & Marine Insurance Company (St. Paul), the primary insurance carrier for the insured. Ambassador alleged that St. Paul negligently and in bad faith failed to settle a medical malpractice claim brought against the insured within the primary policy limits, despite an offer to do so. As excess insurer, Ambassador was liable for any amounts over the primary policy limits.

On St. Paul's motion, the district court dismissed Ambassador's claim for negligent failure to settle on the grounds that New Mexico did not recognize such a cause of action. Ambassador's claim for bad faith failure to settle was tried to a jury which returned a verdict in favor of St. Paul. Ambassador appealed the dismissal of its negligence claim and also challenged the instructions given to the jury regarding its bad faith claim.

The case comes to us on certification from the United States Court of Appeals for the Tenth Circuit pursuant to our certification statute, NMSA 1978, Section 34-2-8. The questions submitted for our determination are:

I. Whether New Mexico recognizes negligent failure to settle as a cause of action?

II. Whether the trial court correctly instructed the jury on the meaning of bad faith as a basis for failure to settle?

## I. Negligent Failure to Settle.

The district court interpreted *American Employers' Insurance Co. v. Crawford,* 87 N.M. 375, 533 P.2d 1203 (1975), the pivotal case on which Ambassador relied, as holding that a claim for negligent failure to settle is not recognized by New Mexico courts. On appeal, Ambassador asserts that the district court misread *Crawford* (in which a claim of negligent failure to settle was raised) because it either implicitly recognized such cause of action or, alternatively, never reached the issue. Our reading of the case leads us to the conclusion that the *Crawford* court did not directly address the issue of whether New Mexico recognizes a cause of action for negligent failure to settle. Instead, *Crawford* found that since there was no coverage under the policy, the insurer had no duty to pay the judgment against its insured and therefore could not be held accountable for its failure to settle the claim. *Id.* at 381, 533 P.2d at 1209.

However, while referring to the clause as sounding in tort or contract, *Crawford* did discuss bad faith by the insurance company in dealing with its insured. Dicta in *Crawford* indicates that New Mexico will interpret the duties between insured and insurer as based in contract rather than in tort:

> Clearly, the company violated no contractual obligation to Crawford, and *we fail to understand the source or nature of any duty recognized in the law of tort which the company owed or breached.*

*Id.* at 380, 533 P.2d at 1208 (emphasis added). The court cites as authority for this statement such cases as *Prickett v. Hawkeye-Security Insurance Co.,* 282 F.2d 294 (10th Cir.1960), and *Bourne v. Seal,* 53 Ill.App.2d 155, 203 N.E.2d 12 (1964). These cases discuss the duty of good faith imposed upon the insurer under the *contract* of insurance. Further, it should be noted that the great majority of cases employ this good faith rule. Annot., 40 A.L.R.2d 168 (1955).

Relying on the above quote from *Crawford,* the district court found that New Mexico does not recognize the cause of action of negligent failure to settle. However, the *Crawford* court did not *conclu-*

*sively* determine the issue; instead it stressed the difficulty of conceptualizing such a cause of action, and the above quoted statement is strong evidence of how the *Crawford* court would have decided the question of negligent failure to settle had it been necessary for a determination of the case.

Based on this language from *Crawford,* on our reading of other New Mexico cases that have viewed the duty between the insurer and insured as one of good faith, and on our review of the various jurisdictions that have already decided the issue, we now determine that New Mexico does not recognize the cause of action of negligent failure to settle.

> Negligence has been defined as follows: If there is some probability of harm sufficiently serious that ordinary men would take precaution to avoid it, then failure to do so is negligence ....

*Dumas v. Hartford Accident and Indemnity Co.,* 94 N.H. 484, 489, 56 A.2d 57, 60 (1947) (citation omitted). In cases such as the one before us, where the harm to the insured is that he or she will be found liable in excess of the policy limits if the case proceeds to trial, the only precaution available to the ordinary and prudent man to avoid such harm is to settle the claim within policy limits because inherent in the trial process is the risk that judgment will go against one party or the other. The possibility always exists that the insured's case, even though seemingly sound and grounded on solid case law, will fail. If it were otherwise, all cases would be settled or dismissed during the pretrial stages and trials would become unnecessary. Under the theory of negligent failure to settle, the risk to the insured of going to trial would always be "sufficiently serious" to merit automatic settlement within policy limits.

Merely because there is the ever present *chance* that the insured's case will fail at trial and a judgment will be entered in excess of policy limits, recognition of this cause of action could be read as requiring the insurer to settle every case despite an honest belief that the settlement offer is much greater than the amount that would ultimately be awarded as damages. The New York Court of Appeals addressed the problem of recognizing negligent failure to settle as a cause of action and stated:

> Even when there was little likelihood of recovery, many reasonable persons would think it wise to settle rather than to take any chance with a jury. In most of the accident cases, disputed questions of fact arise. Is the insurance company to determine at its peril whether reasonable-minded men would believe the plaintiff's witnesses in preference to its own? Again, even on conceded facts, as frequently happens, a serious question of law arises as to the nature or extent of liability, if any. Is a jury to say that the insurance company was guilty of negligence in choosing to try out such a question in the courts rather than to settle? These questions suggest the wisdom of adhering to the contract of insurance which the parties have made. If the insurance company is to be obligated to make a settlement under any given circumstances, it must be a matter to be dealt with between the insured and the insurer, or else regulated by the Legislature.

*Best Building Co. v. Employers' Liability Assurance Corp.,* 247 N.Y. 451, 455–56, 160 N.E. 911, 912–13 (1928).

It is the policy of this state to favor settlement whenever feasible. *Ratzlaff v. Seven Bar Flying Service, Inc.,* 98 N.M. 159, 646 P.2d 586 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982). However, it is not our policy to *require* that settlements be made where no duty to settle exists. The relationship between insurer and insured is a contractual one. The only duty imposed upon the insurer in the contract is the duty to *defend* the suit against the insured. It is left to the judgment of the insurer whether to settle the case or not.

However, under the contract of insurance, there is an implied covenant of fair dealing which creates an obligation between the parties to act in good faith. 17 Am.Jur.2d *Contracts* § 256 (1964). New

Mexico recognizes this duty of good faith between insurer and insured. *See State Farm General Insurance Co. v. Clifton,* 86 N.M. 757, 527 P.2d 798 (1974); *State Farm Fire and Casualty Co. v. Price,* 101 N.M. 438, 684 P.2d 524 (Ct.App.1984); *Chavez v. Chenoweth,* 89 N.M. 423, 553 P.2d 703 (Ct.App.1976); *Lujan v. Gonzales,* 84 N.M. 229, 501 P.2d 673 (Ct.App.), *cert. denied,* 84 N.M. 219, 501 P.2d 663 (1972). This implied covenant is an exception to the general rule that only those obligations contained in the written agreement will be imposed upon the parties. 17 Am.Jur.2d *Contracts* § 255 (1964). To impose a negligence standard on the insurer would violate this general rule and impose a duty that is not expressly provided for in the contract of insurance. However, because the insurer has, by its insurance contract, taken over the duty to defend the case against the insured:

> [A]nd because the contact prohibits the insured from settling, or negotiating for settlement, or interfering in any manner except upon the request of the insurer, such as assisting in the securing of witnesses, etc., its exercise of this right should be accompanied by considerations of good faith. Its decision not to settle should be an honest decision. It should be the result of the weighing of probabilities in a fair and honest way. If upon such consideration it decides that its interest would be better promoted by contesting than by settling the claim, the insured must abide by whatever consequences flow from that decision. He has so agreed. But, as already stated, such decision should be an honest and intelligent one. It must be honest and intelligent if it be a good-faith conclusion. In order that it be honest and intelligent it must be based upon a knowledge of the facts and circumstances upon which liability is predicated, and upon a knowledge of the nature and extent of the injuries so far as they reasonably can be ascertained.

This requires the insurance company to make a diligent effort to ascertain the facts upon which only an intelligent and good-faith judgment may be predicated. *Radcliffe v. Franklin National Insurance Co.,* 208 Or. 1, 33, 298 P.2d 1002, 1017 (1956) *quoting Hilker v. Western Automobile Insurance Co.,* 204 Wis. 1, 14, 235 N.W. 413, 415 (1931).

Thus, when failure to settle the claim stems from a failure to properly *investigate* the claim or to become familiar with the applicable law, etc., then this is negligence in defending the suit (a duty expressly imposed upon the insurer under the insurance contract) and is strong evidence of bad faith in failing to settle. Here, basic standards of competency can be imposed, and the insurer is charged with knowledge of the duty owed to its insured. In this sense, such negligence becomes an *element* tending to prove bad faith, but not a cause of action in and of itself. However, "where an insurer acts honestly and in good faith on adequate information, it should not be held liable for excess liability due to its failure to reach a settlement." *Brisco v. Meritplan Insurance Co.,* 132 Ariz. 72, 74, 643 P.2d 1042, 1044 (Ct.App. 1982).

Based on the above analysis and giving full weight to the statements found in *Crawford* and other New Mexico cases referring to the duty between insurer and insured as one of good faith, we determine that the district court was correct in its conclusion that the cause of action of negligent failure to settle was not and would not be recognized in New Mexico.

## II. Jury Instructions.

Ambassador argues that the district court erred in its instructions to the jury regarding the definition of bad faith failure to settle as applied in New Mexico. Ambassador claims that the sole standard used in New Mexico for determining whether the insurer acted in good faith toward its insured is:

> [A]n insurer cannot be partial to its own interests, but must give its interests and

the interests of its insured equal consideration.

. . . .

To fulfill the duty of giving equal consideration to the interests of the insured and the insurer there must be a fair balancing of these interests.

*Lujan v. Gonzales,* 84 N.M. at 236, 501 P.2d at 680. However, Ambassador failed to note that the court in *Lujan* prefaced the above language with the following statement:

What is good faith? *We do not attempt to give a complete definition because of the variety of situations held to involve a question of good faith.*

*Id.* (citation omitted; emphasis added). As with a definition of good faith, New Mexico does *not* adhere to a single definition of bad faith in the context of insurance matters. *See Hendren v. Allstate Insurance Co.,* 100 N.M. 506, 672 P.2d 1137 (1983); *State Farm General Insurance Co. v. Clifton; State Farm Fire and Casualty Co. v. Price; Chavez v. Chenoweth.*

The challenged jury instructions given by the district court on the issue of bad faith state:

**Instruction No. 13**

St. Paul had a duty to exercise good faith in determining whether to accept or reject the offers of settlement made by [the] estate of Mr. Sugarman. This good faith duty included the duty to investigate the incident and claims in the subsequent lawsuit to such an extent that it would be in a position to exercise an honest judgment as to the merits of such claims and whether they should be settled considering both the interests of its insured, Memorial General Hospital, the interests of Ambassador Insurance Company, as well as its own.

In order to find against St. Paul you must believe that its conduct in failing to settle the claim of the Sugarman Estate within the amount of its policy limit was of such an arbitrary and reprehensive nature as to constitute bad faith, meaning the breaching of a known duty through some motive of interest or ill will.

**Instruction No. 14**

As has been mentioned, an insurer cannot be partial to its own interests, but must give its interests and the interests of its insured equal consideration. The failure of an insurance company to fairly balance those interests can constitute bad faith.

**Instruction No. 17**

A legal defense to be put forth in good faith requires the insurance company asserting it to have adequately investigated the reasonableness of the defense prior to its assertion and that the legal defense is one which has not yet been ruled on by the Court of last resort.

Ambassador argues that Instruction No. 13 "plainly requires the jury to find, as a necessary element of recovery by [Ambassador], that the conduct of [St. Paul] was of an 'arbitrary and reprehensive nature', and also, that [St. Paul] was motivated by interest or ill will." Ambassador misreads the instruction. It does not require a finding of both arbitrary and reprehensive conduct *and* interest or ill will. It only requires that for the jury to find bad faith, it must believe that St. Paul, in failing to settle within policy limits, was motivated by self-interest or ill will. The instruction says no more than that St. Paul may not prefer its own interest over those of its insured; to do so would be to act out of "motive of interest or ill will." This accords with New Mexico law, *see Lujan v. Gonzales,* and when viewed in context with Instruction Nos. 14 and 17, it is clear that, *as a whole,* the instructions are correct regarding the definition of bad faith. *See Blackburn v. State,* 98 N.M. 34, 644 P.2d 548 (Ct.App.1982).

Ambassador also argues that Instruction No. 14 was improper in that the use of the word "can" in the second sentence instead of the word "must" constitutes error. We disagree. The instruction merely paraphrases the language of *Lugan,* and taken as a whole conveys an appropriate state-

ment of the law in New Mexico. Therefore the district court was not in error.

Ambassador further argues that Instruction No. 17 is "contrary and unrelated to the appropriate standard in New Mexico, balancing of interest" and only "focuses in on considerations regarding the [insurer's] likelihood of success and does not discuss nor consider any of the interests of the insured." However, Ambassador fails to see that the logical conclusion of the *insurer's* success in the courtroom is the *insured's* success in the courtroom. Putting forth a legal defense after adequate investigation of the claim constitutes a balancing of the interests of the insurer and the insured because if the insurer feels such defense is strong as to its interests, then logically the defense must be strong as to the insured's interests. Further, Instruction No. 17 accords with our previous discussion regarding negligent failure to settle. If the insurer, based on its honest judgment and acting on adequate information after competent investigation of the claim, does not settle and instead proceeds to trial, then it has acted in good faith and cannot be found liable for any excess caused by its failure to settle.

For these reasons we determine that the jury instructions, read as a whole, were adequate statements of New Mexico law and the district court did not err in giving them. Also, we agree with the district court's holding that New Mexico does not recognize a cause of action for negligent failure to settle.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS and WALTERS, JJ., concur.